[Cite as *State v. Dean*, 2014-Ohio-4361.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-173 (C.P.C. No. 04CR-01-2542) and |
| v. | : | No. 14AP-177 (C.P.C. No. 04CR-04-2348) |
| John T. Dean, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on September 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*John T. Dean*, pro se.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, John T. Dean ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to correct the jail-time credit received on his criminal convictions. Because we conclude that appellant did not demonstrate that he was entitled to jail-time credit on his concurrent prison sentences and that the trial court did not abuse its discretion by denying the motion, we affirm.

{¶ 2} In May 2005, appellant pled guilty to two charges in each of two criminal cases in the Franklin County Court of Common Pleas. In case No. 04CR-04-2348 ("Case No. 2348"), appellant pled guilty to domestic violence and intimidation of a crime witness or victim. In case No. 04CR-01-2542 ("Case No. 2542"), appellant pled guilty to burglary and violation of a protection order. At a sentencing hearing in July 2005, the trial court imposed a prison term of four years as to each count in Case No. 2348, with those sentences to be served concurrently with each other and concurrently with the sentence

imposed in Case No. 2542. In Case No. 2542, the trial court imposed a prison term of seven years on the burglary conviction and four years on the violation-of-a-protection-order conviction, to be served consecutively to each other and concurrently with the sentence imposed in Case No. 2348. The trial court held that appellant had 331 days of jail-time credit in Case No. 2348, and zero days of jail-time credit in Case No. 2542.

{¶ 3} In October 2013, appellant filed a motion to correct his jail-time credit, arguing that he was entitled to 331 days of jail-time credit on the concurrent prison terms imposed in Case No. 2542. The trial court entered a judgment denying appellant's motion, holding that appellant failed to demonstrate he was entitled to jail-time credit on the sentences imposed in Case No. 2542.

{¶ 4} Appellant appeals from the trial court's judgment, assigning one error for this court's review:

> Whether the trial court committed prejudicial error in failing
> to follow legislative mandates.

{¶ 5} Ohio law provides that, if a trial court determines at a sentencing hearing that a prison term is necessary or required, it must "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code." R.C. 2929.19(B)(2)(g)(i). The law further provides that the sentencing court retains jurisdiction to correct an error not previously raised at sentencing with respect to the calculation of jail-time credit. R.C. 2929.19(B)(2)(g)(iii). At any time after sentencing, an offender may file a motion to correct the jail-time credit determination "and the court may in its discretion grant or deny that motion." R.C. 2929.19(B)(2)(g)(iii). Therefore, we review the denial of appellant's motion to correct jail-time credit under an abuse-of-discretion standard. An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6} Appellant argues that, under *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, the trial court was required to credit him with 331 days of jail-time credit in both Case No. 2348 and Case No. 2542 because the court imposed concurrent prison

sentences in those cases. In *Fugate*, the Supreme Court of Ohio held that, "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus. The state argues that *Fugate* does not apply retroactively to appellant's sentence, which was issued three years prior to the *Fugate* decision. We need not reach the question of whether *Fugate* applies retroactively, however. We conclude that the trial court did not abuse its discretion in finding that appellant failed to demonstrate he was entitled to jail-time credit in both cases.

{¶ 7}   The statute providing for jail-time credit specifies that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. The statute requires a connection between the confinement for which the defendant receives jail-time credit and the offense upon which the defendant is convicted. *State v. Slager*, 10th Dist. No. 08AP-581, 2009-Ohio-1804, ¶ 25. Therefore, a defendant sentenced to concurrent prison terms for multiple charges is only entitled to jail-time credit on each concurrent term when he was actually held in custody on each charge. *State v. Parsley*, 10th Dist. No. 09AP-612, 2010-Ohio-1689, ¶ 50.

{¶ 8}   Here, the trial court concluded that appellant failed to show that he was held simultaneously on both cases and noted that the sentences were imposed nearly nine years earlier.  In his brief on appeal and his reply brief, appellant fails to offer any evidence or argument to demonstrate that he was held simultaneously on both cases during the 331 days for which he received jail-time credit. Absent any such evidence or argument, we cannot conclude that the trial court's decision was unreasonable, arbitrary or unconscionable. Therefore, the trial court did not abuse its discretion in denying appellant's motion to correct his jail-time credit.

{¶ 9}   Finally, we note that, in his brief on appeal, appellant appears to argue that the trial court erred by failing to merge certain convictions. Appellant does not identify which convictions the trial court allegedly should have merged. Moreover, appellant did not raise this issue in his motion before the trial court. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986,

¶ 13. Appellant also does not present any evidence that he raised the issue of merger at the plea hearing or the sentencing hearing. *See State v. Stewart*, 10th Dist. No. 05AP-1073, 2006-Ohio-3310, ¶ 5 ("A defendant's failure to raise the issue of allied offenses of similar import at the time of his conviction or sentencing results in a waiver of an allied offense claim on appeal absent plain error."). Without identification of the convictions that allegedly should have been merged or any explanation as to why those convictions constituted allied offenses of similar import, we cannot find plain error by the trial court. Accordingly, to the extent appellant seeks to assert error by the trial court for failure to merge convictions, we reject his argument.

{¶ 10} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____