[Cite as *State v. D.H.*, 2015-Ohio-5281.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-525 |
| v. | : | (C.P.C. No. 13CR-655) |
| D.H., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 17, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Cooper & Pennington Co., LPA*, and *Christopher M. Cooper*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, D.H. ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to 11 years of imprisonment pursuant to his guilty plea to a charge of rape. Because we conclude that the sentence imposed was not contrary to law and for other reasons that follow, we affirm.

{¶ 2} Appellant was charged with one count of rape, a first-degree felony violation of R.C. 2907.02. The victim was appellant's five-year-old daughter. Appellant entered a guilty plea to the charge. As part of the plea agreement, appellant and the prosecution jointly recommended a prison sentence of 6 to 11 years. The trial court conducted a sentencing hearing on May 15, 2015, and issued a judgment entry sentencing appellant to an 11-year term of imprisonment. The trial court also classified appellant as a Tier III sex

offender and notified appellant that he would be subject to a five-year term of post-release control.

{¶ 3} Appellant appeals from the trial court's judgment, assigning three errors for this court's review:

> I. THE APPELLANT WAS NOT ADVISED OF HIS RIGHT TO APPEAL AND TO HAVE COUNSEL APPOINTED FOR THE PURPOSE OF FILING AN APPEAL
>
> II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM TIME OF INCARCERATION
>
> III. THE TRIAL COURT ERRED BY NOT RULING ON APPELLANTS' [sic] MOTION FOR CREDIT FOR THE TIME SERVED ON HOME INCARCERATION

{¶ 4} In his first assignment of error, appellant asserts that the trial court erred by failing to advise him of his right to appeal and to have counsel appointed for his appeal.

{¶ 5} Crim.R. 32(B)(2) provides that, after imposing the sentence in a serious offense, the court shall advise the defendant of his right, where applicable, to appeal the sentence imposed. Crim.R. 32(B)(3) further provides that, if a right to appeal applies, the court must also advise the defendant of several additional rights, including the right to appointed counsel for an appeal if he is unable to obtain counsel. Appellant signed an entry of guilty plea form containing language indicating that he could appeal from his plea and sentence within 30 days of the judgment of conviction. However, neither the transcript of the sentencing hearing nor the judgment entry of conviction indicate that the trial court advised appellant of his right to appeal or his right to have counsel appointed for an appeal.

{¶ 6} Although it appears that the trial court failed to notify appellant of his appellate rights under Crim.R. 32, under the circumstances in this case, such failure constitutes harmless error. Crim.R. 52(A) states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Appellant filed a notice of appeal on May 21, 2015, less than a week after the trial court issued its judgment entry and within the 30-day period provided by rule. Both the notice of appeal and appellant's brief on appeal were filed by counsel, thus demonstrating that appellant

received the assistance of counsel during his appeal. Therefore, any error resulting from a failure to notify appellant of his right to appeal and right to counsel was harmless. *See State v. Bankston*, 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 21 (rejecting assertion that trial court failed to inform the defendant of right to appeal in part because the defendant, through counsel, pursued a timely appeal); *State v. Tunison*, 6th Dist. No. WD-13-046, 2014-Ohio-2692, ¶ 19; *State v. Davis*, 5th Dist. No. CT2011-0033, 2012-Ohio-4922, ¶ 19; *State v. Corbitt*, 2d Dist. No. 23111, 2009-Ohio-6011, ¶ 16; *State v. Duncan*, 3d Dist. No. 7-02-10, 2003-Ohio-3879, ¶ 12. *See also State v. Brooks*, 75 Ohio St.3d 148, 157 (1996) ("Brooks cannot demonstrate that any prejudice resulted from the trial court's not instructing him that he had a right to different appellate counsel, since he now has different counsel."); *State v. Bari*, 8th Dist. No. 90370, 2008-Ohio-3663, ¶ 17 (concluding that failure to advise the defendant of appeal rights under Crim.R. 32(B) was harmless error where the defendant was granted a delayed appeal and appointed counsel).

{¶ 7} Accordingly, we overrule appellant's first assignment of error.

{¶ 8} In his second assignment of error, appellant argues that the trial court erred by imposing the maximum prison sentence. Appellant concedes that the trial court referred to the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. Appellant also admits that the trial court found appellant's crime to be the worst form of the offense of rape. Appellant argues, however, that the trial court failed to make sufficient findings to impose the maximum sentence.

{¶ 9} We review a trial court's sentence to determine if it is clearly and convincingly contrary to law. *State v. Frederick*, 10th Dist. No. 13AP-630, 2014-Ohio-1960, ¶ 17; *State v. Ibrahim*, 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 16. "Applying that standard, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law." *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 4.

{¶ 10} In this case, appellant pled guilty to the rape of his five-year-old daughter, a first-degree felony offense in violation of R.C. 2907.02. Pursuant to the guilty plea, there was a joint recommendation of a sentence of 6 to 11 years of imprisonment. The guilty

plea form set forth the maximum possible prison term of 11 years.  At the sentencing hearing and in the judgment entry, the trial court indicated that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 and that it had weighed the factors set forth in the applicable provisions of R.C. 2929.13 and 2929.14.  In issuing the sentence, the trial court noted that the crime warranted the most serious penalty because of the victim's youth and vulnerability, as well as the fact that she acquired two sexually transmitted diseases due to the sexual assault.

{¶ 11} On appeal, although appellant appears to argue that imposition of the maximum sentence was too harsh, he does not claim that the sentence was outside the range provided by law, that the record fails to support the trial court's findings with respect to R.C. 2929.11 and 2929.12, or that the sentence is otherwise contrary to law. Accordingly, appellant has not clearly and convincingly shown that his sentence was contrary to law. *Frederick* at ¶ 18; *Ibrahim* at ¶ 20.

{¶ 12} Accordingly, we overrule appellant's second assignment of error.

{¶ 13} In his third assignment of error, appellant asserts that the trial court erred by not ruling on his motion for jail-time credit for time spent on house arrest.

{¶ 14} A defendant is entitled by law to have the number of days that he was confined prior to conviction and sentencing credited against his sentence of incarceration. R.C. 2949.08(C)(1); R.C. 2949.12; R.C. 2967.191. In this case, appellant was placed on electronically monitored house arrest as a condition of bail.  At the sentencing hearing on May 15, 2015, the trial court announced that it was granting appellant one day of jail-time credit against his 11-year sentence.  Appellant's counsel then asserted that appellant had been on electronically monitored house arrest for two years and requested that appellant be given jail-time credit for that period. The trial court indicated that it would research the issue before responding. The judgment entry of conviction, issued on May 15, 2015, indicates that appellant was granted one day of jail-time credit. The trial court does not appear to have provided any further direct response to appellant's request for additional jail-time credit.

{¶ 15} Generally, when a trial court fails to expressly rule on a motion, it is presumed the court denied the motion.  *See State ex rel. Forsyth v. Brigner*, 86 Ohio St.3d 299, 300 (1999) ("[I]t is evident here that even assuming no express ruling on the

pretrial motion, the trial court overruled Forsyth's motion to have depositions filed when it entered its divorce decree."); *State v. McCrary*, 2d Dist. No. 23360, 2010-Ohio-2011, ¶ 15 ("Thus, it follows that the trial court impliedly overruled McCrary's motion to sever when it did not rule on the motion prior to the beginning of the trial in which all three co-defendants were tried together."); *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 44 ("Where a trial court fails to rule upon a motion for new trial and instead enters a final judgment, the trial court often will be deemed to have implicitly overruled the motion."). More than six months have passed since the sentencing hearing, and the trial court has not directly addressed appellant's request for additional jail-time credit; we will consider it to have been implicitly denied.

{¶ 16} This court has previously held that time served under electronically monitored house arrest as a condition of bail does not constitute confinement for purposes of the jail-time credit statute. *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, ¶ 10 (10th Dist.). *See also State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, ¶ 72 ("[P]retrial electronic home monitoring does not constitute detention for the purpose of prosecuting the crime of escape."). Therefore, the trial court did not err by not granting appellant jail-time credit for his period of pre-conviction electronically monitored house arrest.

{¶ 17} Accordingly, we overrule appellant's third assignment of error.

{¶ 18} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and TYACK, J., concur.

————————————