[Cite as *State v. Fisher*, 2016-Ohio-8501.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
|  |  | No. 16AP-402 |
| v. | : | (C.P.C. No. 13CR-4075) |
| Michael A. Fisher, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on December 29, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Michael A. Fisher*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1}  Defendant-appellant, Michael A. Fisher, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to correct jail-time credit.  For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On January 29, 2014, appellant pled guilty to burglary, in violation of R.C. 2911.12, a felony of the second degree.  On March 12, 2014, the trial court sentenced appellant to a prison term of four years, to be served consecutive to the prison term imposed in case Nos. 13CR-2094 and 13CR-6167, for a total prison term of four years and six months.

{¶ 3}   On April 30, 2015, the trial court granted appellant's motion for judicial release, suspended appellant's remaining sentence, and released appellant on community control.  The entry granting him judicial release provides, in relevant part, as follows:

> The Court finds that the Defendant has one hundred and fifty-nine (159) days of jail time credit plus two hundred and twenty-five (225) days in prison for a total credit of three hundred and eighty-four (384) days.

(Emphasis omitted.)  (Apr. 30, 2015 Decision at 2.)

{¶ 4}   Appellant subsequently violated the terms of his community control.  On November 30, 2015, the trial court conducted a resentencing hearing pursuant to R.C. 2929.19.  On December 4, 2015, the trial court imposed a prison term of four years to be served concurrently with the prison term imposed in case No. 15CR-3099.  The trial court's judgment entry provides, in relevant part, as follows:

> The Court finds that the Defendant has five hundred and fifty (550) days of jail credit and hereby certifies the time to the Ohio Department of Rehabilitation and Correction ["DRC"]. The Defendant is to receive jail time credit for all additional time served while awaiting transportation to the institution from the date of the imposition of this sentence.

(Emphasis omitted.)  (Dec. 4, 2015 Jgmt. Entry at 2.)

{¶ 5}   On May 3, 2016, appellant filed a motion to correct the court's December 4, 2015 judgment entry.  Therein, appellant moved the court to increase the jail-time credit from 550 days to 711 days.  The stated grounds for the motion were that the trial court failed to give appellant jail-time credit for the full 402 days he served in the custody of DRC between the date of his conviction and his release on community control.  On May 4, 2016, plaintiff-appellee, State of Ohio, filed a memorandum in opposition to the motion.

{¶ 6}   On May 12, 2016, the trial court issued an entry denying appellant's motion. The entry reads, in relevant part, as follows:

> The Court has reviewed the file and notes that the amount of jail time credit was agreed to by Defendant's attorney and in fact was properly calculated.

(May 12, 2016 Entry at 1.)

{¶ 7}   Appellant timely appealed to this court from the judgment of the trial court.

## II.  ASSIGNMENT OF ERROR

{¶ 8}   Appellant's sole assignment error is as follows:

TRIAL COURT ABUSED ITS DISCRETION AND COMMITS PLAIN ERROR WHERE IT DENIED APPELLANT THE PRISON CREDIT FROM MARCH 12, 2014 TO April 30, 2015.

## III. STANDARD OF REVIEW

{¶ 9}   R.C. 2929.19(B)(2)(g)(i) requires that when a trial court determines at sentencing that a prison term is necessary or required, it must " '[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code.' "  *State v. Dean*, 10th Dist. No. 14AP-173, 2014-Ohio-4361, ¶ 5, quoting R.C. 2929.19(B)(2)(g)(i).  "At any time after sentencing, an offender may file a motion to correct the jail-time credit determination 'and the court may in its discretion grant or deny that motion.' "  *Dean* at ¶ 5, quoting R.C. 2929.19(B)(2)(g)(iii).  This court reviews the denial of a motion to correct jail-time credit under the abuse of discretion standard.  *Dean* at ¶ 5.  An abuse of discretion occurs when a trial court's decision is " 'unreasonable, arbitrary or unconscionable.' "  *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV.  LEGAL ANALYSIS

{¶ 10} In appellant's sole assignment of error, appellant contends that the trial court abused its discretion when it denied his motion for additional jail-time credit because the trial court failed to credit him with all the days he previously spent in the custody of DRC (prison time) arising out of the burglary offense for which he was convicted and sentenced.  Appellant's assignment of error and his argument in support thereof confuse jail-time credit with time spent in prison.

{¶ 11} It is apparent from appellant's motion to correct jail-time credit and his merit brief in this court that appellant believes the trial court was required to include days appellant previously served in prison in the calculation of his jail-time credit.  His challenge to the days included by the trial court is not that the 550 days of jail-time credit is inaccurate with respect to the days he was confined in jail for the burglary offense but

that he is entitled to have the days he spent in prison from March 12, 2014 to April 30, 2015 added to the trial court's determination of jail-time credit. Appellant's merit brief in this court reads, in relevant part, as follows:

> Appellant was sent to serve 4 and ½ year prison term on March 12, 2014. Appellant stayed in prison until April 30, 2015 at which date Appellant was granted judicial release. From March 12, 2014 to April 30, 2015, Appellant had served 414 days in prison. *The trial court miscalculated Appellant's time spent in prison and only credited Appellant with 225 days.*

(Emphasis added.) (Appellant's Brief at 4.)

{¶ 12} Pursuant to R.C. 2929.01(AA), " '[p]rison' means a residential facility used for the confinement of convicted felony offenders that is *under the control of the department of rehabilitation and correction.*" (Emphasis added.) R.C. 2929.01(R) defines "[j]ail" as "a jail, workhouse, minimum security jail, or other residential facility used for the confinement of alleged or convicted offenders that is operated by a political subdivision or a combination of political subdivisions of this state." *State v. D.H.*, 10th Dist. No. 15AP-525, 2015-Ohio-5281, ¶ 14; R.C. 2929.01(FF). Thus, prison time and jail time are distinct and different forms of confinement.

{¶ 13} R.C. 2929.19(B) provides, in relevant part, as follows:

> (2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> * * *
>
> (g) (i) Determine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. *The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.*

(Emphasis added.)

{¶ 14} Under R.C. 2929.19(B)(2)(g)(i), "the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced," otherwise known as jail time, "shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction," otherwise known as prison time. R.C. 2929.19(B)(2)(g)(i), therefore, precludes a sentencing court from calculating the number of days appellant previously served in prison when determining jail-time credit. Consequently, even if we accept appellant's representation regarding the number of days that he previously served in prison arising out of the burglary offense, those days are irrelevant to the determination of appellant's jail-time credit under R.C. 2929.19(B)(2)(g)(i).

{¶ 15} Likewise, R.C. 2967.191, entitled "[r]eduction of prison term for related days of confinement," provides, in relevant part, as follows:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, * * * *as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code * * *. The department of rehabilitation and correction also shall reduce the stated prison term * * * by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.*

(Emphasis added.)

{¶ 16} Though R.C. 2967.191 imposes a duty on DRC to apply jail-time credit to reduce an inmate's stated prison term, it is the sentencing court's responsibility to make the factual determination as to the number of days of jail-time credit. *Williams v. Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-77, 2009-Ohio-3958, ¶ 15, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. Conversely, DRC's obligation to reduce a stated prison term by the number of days an inmate previously served in DRC's custody is independent of the sentencing court's duty to determine jail-time credit. *See Stroud v. Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-139, 2004-Ohio-

580 (DRC has an independent duty to follow self-executing provisions of the Ohio Revised Code pertaining to multiple sentences and to calculate a prisoner's sentence expiration date accordingly).  If appellant is entitled to a reduction in his stated prison term for any days he previously served in DRC's custody, DRC is required to make the necessary adjustment in determining appellant's release date.  *Id.* at ¶ 32, citing former R.C. 2929.41(A) and Ohio Adm.Code 5120-2-03.

{¶ 17} "It is the duty of the appellant upon appeal to show an error in the jail-time credit calculation." *State v. Thomas*, 10th Dist. No. 12AP-144, 2012-Ohio-4511, ¶ 9, citing *State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 17, citing *State v. Evans*, 2d Dist No. 21751, 2007-Ohio-4892, ¶ 13.  The only challenge to the accuracy of the trial court's determination of jail-time credit raised by appellant's assignment of error and his argument in support is his contention that the trial court abused its discretion by failing to include prison time in the calculation.  We find that the trial court did not abuse its discretion in denying appellant's motion to correct his jail-time credit.  *Thomas*.

{¶ 18} For the foregoing reasons, we overrule appellant's sole assignment of error.

## V.  CONCLUSION

{¶ 19} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____