**[Cite as *State v. Lynch*, 2022-Ohio-4706.]**

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| MARK A. LYNCH | : | | Case No. 2022 CA 00006 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　　Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　　　　　　Pleas, Case No. 2017 CR 0133


JUDGMENT:　　　　　　　　　　　　　Affirmed


DATE OF JUDGMENT:　　　　　　　　December 27, 2022


APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　　For Defendant-Appellant

BRIAN T. WALTZ　　　　　　　　　　　　BRIAN A. SMITH
239 West Main Street, Suite 101　　　　123 South Miller Road, Suite 250
Lancaster, OH  43130　　　　　　　　　Fairlawn, OH  44333

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant Mark Lynch appeals the October 1, 2021 judgment of the Fairfield County Court of Common Pleas partially denying his motion for jail-time credit. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case arose in in December of 2016 when Appellant, who was 34-years old at the time, transported a 14-year-old girl from Ohio to Iowa where he engaged in sexual acts with the girl. The state of Ohio caused a warrant to be issued on December 12, 2016 and Appellant was arrested in Floyd County Iowa the same day. Appellant faced charges in both Iowa and Ohio.

{¶ 3}   On January 18, 2017 the state of Ohio recalled its warrant and dismissed the charges. On March 27, 2017 the Fairfield County Grand Jury issued a 12-count indictment charging Appellant with various crimes related to his conduct with the child victim. A warrant issued with the indictment. On April 6, 2017, Appellant turned himself in to the Fairfield County Jail. On April 17, 2017, he posted bond and was released.

{¶ 4}   On November 20, 2017, Appellant entered pleas of guilty to the indictment. On December 4, 2017 Appellant was sentenced to 8 years incarceration. At that time, he was credited with 48 days jail-time credit which included time he was held in Iowa from his initial arrest until the matter was dismissed.

{¶ 5}   On September 7, 2021, Appellant filed a Motion for Jail Credit requesting 80 days of jail-time credit. Relevant to this appeal, Appellant requested 60 days jail-time credit for the time he spent in the Floyd County Iowa jail and for the time he spent in the Fairfield County Jail after sentencing and awaiting transport to prison. On October 1,

2021, the trial court granted Appellant's motion in part by adding 8 days of jail-time credit for the period of time Appellant spent in the Fairfield County Jail after sentencing awaiting transport to the institution.

{¶ 6}   Appellant timely file an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN PARTIALLY DENYING APPELLANT'S MOTION FOR JAIL CREDIT AND AWARDING HIM 56 DAYS OF JAIL TIME CREDIT, RATHER THAN THE 80 DAYS REQUESTED, IN VIOLATION OF R.C. 2967.191 AND APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE CONSTITUTION."

{¶ 8}   In his sole assignment of error, Appellant argues the trial court erred in partially denying his motion for jail-time credit. We disagree.

{¶ 9}   R.C. 2929.19(B)(2)(g)(iii) provides in pertinent part:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of the appropriate jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [of the appropriate jail-time credit], and the court may in its discretion grant or deny that motion. * * * *.

{¶ 10} The trial court has continuing jurisdiction to consider "any" and "all" jail-time credit errors which includes both mathematical and legal errors. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12 (4th Dist.); *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶ 8; *State v. Inboden*, 10th Dist. Franklin Nos. 14AP-312 & 14AP-317, 2014-Ohio-5762, ¶ 7-8.

{¶ 11} If, as is the case here, a jail-time credit argument is not raised on direct appeal, it can still be raised later by way of a motion to correct jail-time credit. When the matter is raised later, the grant or denial of a motion for jail-time credit is reviewed for an abuse of discretion. *State v. Fisher*, 10th Dist. Franklin No. 16AP-402, 2016-Ohio-8501, ¶ 9. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} The parties do not dispute that Appellant was arrested and jailed in Floyd County Iowa on a Fairfield County warrant from December 12, 2016 to January 18, 2017. On January 18, 2017, Fairfield County Municipal Court dismissed the case without prejudice. For reasons we cannot verify in the record, Appellant was held in jail in Floyd County Iowa until February 10, 2017. According to the state Appellant had pending charges in Iowa brought by authorities of that state, and Appellant does not deny he was convicted of crimes in Iowa. In any event, there is no indication on the record to support a finding that Appellant was being held on any Ohio charges after January 18, 2017.

{¶ 13} Appellant was indicted in Fairfield County on March 27, 2017. He turned himself in on April 6, 2017 and posted bond on April 17, 2017.

{¶ 14} On December 4, 2017, after pleading guilty to the indictment, Appellant was sentenced and ordered to report to the Fairfield County Jail the same day to await transport to the institution.

{¶ 15} Appellant challenges two calculations; the time he spent in the Floyd County Jail after Fairfield County dismissed charges against him, and one day from December 4, 2017 through December 13 2017 which he argues the trial court failed to credit.

{¶ 16} According to Appellant he is entitled to additional jail-time credit from January 18, 2017 through February 10, 2017, the time he was held in Floyd County after the Fairfield County Municipal Court dismissed the charges against him. However, nothing in the record supports a finding that Appellant was being held during that time on the instant matter and both parties suggest Appellant had pending charges in Iowa. Appellant has therefore failed to show an abuse of discretion.

{¶ 17} As for the one extra day Appellant argues he is entitled to after sentencing and before transport to prison, we note the trial court provided no calculation or dates for the eight days it credited Appellant for that time period. Appellant's argument here on appeal assumes he was taken into custody immediately after sentencing and that he spent more than half the day incarcerated. The only evidence in the record as to when Appellant could have arrived at the Fairfield County Jail to begin his sentence does not indicate he was immediately incarcerated. So too, there is no transcript of the sentencing hearing. The record does contain an entry titled Temporary Commitment filed on December 4, 2017 which ordered Appellant to report to the Fairfield County Jail on

December 4, 2017 to begin serving his sentence. Nothing in the record indicates if or when Appellant arrived that day to begin his sentence. We therefore find Appellant has failed to demonstrate the trial court abused its discretion.

{¶ 18} For the forgoing reasons, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Baldwin, J. concur.

EEW/rw