[Cite as *State v. Merz*, 2023-Ohio-582.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220085 |
| | | TRIAL NO. B-1905571 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| HERBERT MERZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 1, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender*,* and *Krista Gieske,* Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

**{¶1}** Defendant-appellant Herbert Merz appeals the judgment of the Hamilton County Court of Common Pleas, challenging his sentence and the calculation of jail-time credit. Because we agree that court erred when it imposed Merz's sentence, we sustain the sole assignment of error, and reverse the judgment of the trial court.

### *Factual and Procedural History*

**{¶2}** In October 2019, Merz was charged with attempted rape under R.C. 2923.02(A) and 2907.02, a second-degree felony; gross sexual imposition ("GSI"), under R.C. 2907.05(A)(1), a fourth-degree felony; and abduction under R.C. 2905.02(B)(2), a third-degree felony.

**{¶3}** Merz pleaded guilty to GSI and abduction, and the state dismissed the charge for attempted rape. Merz was sentenced to 18 months' incarceration on the GSI count, consecutive to 36 months' incarceration on the abduction count, for an aggregate sentence of 54 months' incarceration, with credit for 149 days served. The court designated him as a Tier II sex offender.

**{¶4}** Merz appealed to this court, and argued that his convictions should have merged as allied offenses. *See State v. Merz*, 1st Dist. Hamilton No. C-200152, 2021-Ohio-2093, ¶ 1 ("*Merz I*"). We agreed, and held that the GSI and abduction offenses "were not of dissimilar import, were not committed separately, and were not motivated by a separate animus." *Id.* at ¶ 17. Thus, we held that the trial court should have merged the two offenses and sentenced Merz for only one offense. *Id.* We "vacate[d] both sentences and remand[ed] this cause for resentencing so that the state [could] choose which offense to pursue." *Id.* at ¶ 18.

2

{¶5}   In October 2021, the trial court held a resentencing hearing. In accordance with our remand order, the state elected that it would pursue the offense of abduction. The court announced a sentence of 36 months' incarceration on the abduction count and 18 months' incarceration on the GSI count. This time, the trial court ordered that the sentences were to run concurrently, for an aggregate sentence of three years. The court designated Merz as both a Tier I sex offender on the GSI count and a Tier II sex offender on the abduction count, while noting that "the more serious one controls." The court entered a corresponding sentencing entry, though it was later corrected by a February 16, 2022 nunc pro tunc entry due to several errors.

{¶6}   The nunc pro tunc entry imposed the same term of incarceration as was announced at the resentencing hearing, with credit for 157 days' time served and "days of credit served in the Ohio Department of Corrections." The entry classified Merz as a Tier I sex offender for the GSI conviction, and a Tier II sex offender for the abduction conviction.

{¶7}   Merz timely appealed. In one assignment of error, Merz argues that the trial court erred in resentencing him.

### *Merger*

{¶8}    Merz contends that, pursuant to this court's decision in *Merz I*, the GSI and abduction offenses should have merged for sentencing such that the court should have sentenced him for only one offense and imposed only one sex-offender classification. The state concedes this portion of the assignment of error.

{¶9}    In *Merz I,* we held that the trial court committed plain error by not merging the GSI and abduction convictions. *Merz I* at ¶ 17. We directed the trial court to sentence Merz for only one offense on remand, as elected by the state. On remand,

3

the court sentenced Merz for both offenses to be served concurrently and imposed two sex-offender classifications.

{¶10} "[T]he imposition of concurrent sentences is not the equivalent of merging allied offenses * * *." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 3. *Accord State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31 ("even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law."); *State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 41 (1st Dist.) ("Even when the sentences imposed for allied offenses are ordered to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law."); *State v. Gilmore*, 1st Dist. Hamilton Nos. C-070521 and C-070522, 2008-Ohio-3475, ¶ 16-17 (same).

{¶11} Moreover, sex-offender classification tiers are part of a criminal sentence. *See State v. Lawson*, 1st Dist. Hamilton Nos. C-120077 and C-120067, 2012-Ohio-5281, ¶ 18, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 10-20. *Accord State v. Megarry,* 2018-Ohio-4242, 122 N.E.3d 220, ¶ 15-16 (4th Dist.) (explaining that "the sex-offender classification is part of the offender's criminal sentence."); *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 18 (12th Dist.) (same).

{¶12} Because we ordered the trial court on remand to merge the offenses, and to sentence Merz for only one offense, the trial court erred when it imposed concurrent sentences and two sex-offender classifications.

### *Jail-Time Credit*

**{¶13}** Merz also contends that the trial court's jail-time credit calculation is incorrect. He suggests that the jail-time credit calculation should include days he served in the Ohio Department of Rehabilitation and Correction ("ODRC"), in addition to days served in the local jail. The state responds that it agrees the jail-time calculation is incorrect, but that jail-time credit does not include days served in the custody of the ODRC.

**{¶14}** "Jail-time credit is prescribed by R.C. 2967.191, which authorizes a trial court to give a defendant credit for the total number of days that he was 'confined for any reason arising out of the offense for which [he] was convicted and sentenced * * *.'" *State v. Bowden*, 1st Dist. Hamilton No. C-140462, 2015-Ohio-3740, ¶ 17, quoting R.C. 2967.191(A). "The trial court's failure to properly award jail-time credit is an error cognizable on direct appeal" and rises to the level of plain error. *Bowden* at ¶ 18, citing *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 8-9.

**{¶15}** However, "prison time and jail time are distinct and different forms of confinement." *State v. Fisher*, 10th Dist. Franklin No. 16AP-402, 2016-Ohio-8501, ¶ 12. The sentencing court is responsible for determining "the amount of time the offender *served locally* before being sentenced." (Emphasis added.) Ohio Adm.Code 5120-2-04(B); *see* R.C. 2929.19(B)(2)(g)(i) (requiring the sentencing court to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense * * * .").

**{¶16}** Independent of the sentencing court's duty, the ODRC has an "obligation to reduce a stated prison term by the number of days an inmate previously

5

served in DRC's custody." *Fisher* at ¶ 16; *State v. Guiser*, 9th Dist. Summit No. 29456, 2019-Ohio-5421, ¶ 8 (explaining that a trial court is not responsible for crediting prior time served in prison); *State v. Simpson*, 10th Dist. Franklin No. 21AP-52, 2021-Ohio-4066, ¶ 17-18 (discussing the distinction between prison time and jail time). The order in the latest sentencing entry that "Defendant is to receive days of credit served in the Ohio Department of Corrections" seems to reference this shared responsibility.

{**¶17**}  Thus, the trial court did not err by failing to credit Merz for days served in prison because the ODRC tracks and credits that time. However, the state submits that the time served is incorrect because Merz has not been given full credit for the time served between arrest and sentencing, in addition to the time served locally before resentencing after *Merz I*. Because both parties agree that the jail-time credit award is incorrect, and it is unclear on the record before us how many days Merz served locally in connection with this offense, we sustain this portion of the assignment of error.

### *Conclusion*

{**¶18**}  Considering the foregoing analysis, we sustain Merz's sole assignment of error. Accordingly, we vacate both sentences and remand the cause for resentencing for the trial court to sentence Merz only on the state's elected offense of abduction, and to calculate the appropriate amount of jail-time credit in accordance with the law and this opinion.

Judgment reversed and cause remanded.

**WINKLER,** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.