[Cite as *State v. Phillips*, 2024-Ohio-2310.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240198 |
| | | TRIAL NO. C-22CRB-6479 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JESSICA PHILLIPS | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Sentence Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal: June 18, 2024

*Melissa A. Powers,* Hamilton County Prosecuting Attorney, and *Norbert Wessels,* Assistant Prosecuting Attorney*,* for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Jessica Phillips appeals the sentence of the Hamilton County Municipal Court following her guilty plea to solicitation in violation of R.C. 2907.47. The trial court sentenced Phillips to a suspended sentence of 60 days in jail and placed her on one year of community control. Phillips asserts that the trial court erred by failing to calculate and award her jail-time credit on the 60-day suspended sentence. For the following reasons, we sustain Phillips's assignment of error and remand the matter for the limited purpose of accurately calculating the appropriate amount of jail-time credit that should be applied to Phillips's sentence.

### *Factual and Procedural Background*

{¶2} On April 15, 2022, Phillips was charged with solicitation in violation of R.C. 2907.47, a third-degree misdemeanor. The complaint alleged that Phillips solicited an undercover officer to engage in sexual activity. On April 29, 2022, a warrant was issued for Phillips, and on January 17, 2024, Phillips was arrested on the warrant.

{¶3} On January 30, 2024, Phillips simultaneously pled guilty to the solicitation charge and to a community control violation. At the time, Phillips was serving a community control sentence for a 2019 solicitation charge that was amended to disorderly conduct.

{¶4} On February 5, 2024, the trial court sentenced Phillips on both charges. For the community control violation, the trial court terminated community control and sentenced her to an amount of jail time that was the equivalent of her jail-time credit for that charge. For the solicitation charge, the trial court sentenced Phillips to 60 days in jail, suspended the 60 days, placed Phillips on community control for a

2

period of one year, and remitted costs. The trial court did not, however, calculate Phillips's jail-time credit for the solicitation charge.

{¶5} Phillips now appeals.

### *Sentencing*

{¶6} In Phillips's sole assignment of error, she argues that the trial court committed plain error when it failed to award her jail-time credit pursuant to R.C. 2949.08(C). The state concedes the error.

{¶7} "Generally, we review a misdemeanor sentence for an abuse of discretion. However, when a trial court does not comply with the applicable sentencing statutes, we apply a de novo standard of review." (Internal citation and quotation marks omitted.) *State v. Kendrick*, 1st Dist. Hamilton No. C-220459, 2023-Ohio-1763, ¶ 24.

{¶8} However, Phillips failed to raise this argument below; therefore, it is subject to plain-error review. *Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4485, ¶ 33. Plain errors must satisfy three limitations set forth in Crim.R. 52(B). *State v. Garrett*, 171 Ohio St.3d 139, 2022-Ohio-4218, 216 N.E.3d 569, ¶ 63. First, an error, meaning a deviation from a legal rule, must have occurred. *Id.* Second, the error must be plain, in that there must be an obvious defect in the trial proceedings. *Id.* Third, the error must have affected substantial rights, meaning that "the trial court's error must have affected the outcome of the trial." *Id.* "The trial court's failure to properly award jail-time credit is an error cognizable on direct appeal and rises to the level of plain error." (Internal quotation marks omitted.) *State v. Merz*, 1st Dist. Hamilton No. C-220085, 2023-Ohio-582, ¶ 14. This standard is satisfied here.

3

**{¶9}** Phillips had a clear legal right to jail-time credit that the trial court clearly violated. Pursuant to R.C. 2949.08(C)(1), a person who is sentenced to jail for a misdemeanor shall have the sentence reduced "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]"

**{¶10}** Here, Phillips had been incarcerated prior to the date of sentencing for the solicitation charge, and that incarceration arose from the solicitation offense. The judge's sheet indicates that the trial court intentionally held Phillips on both the solicitation and community control violation charges to force her to comply with a previous order for medical testing. The trial court included jail-time credit for the community control violation, but failed to include credit in its sentence for the solicitation charge. This error affected Phillips's substantial right to receive credit for the time she served in jail awaiting trial under R.C. 2949.08(C)(1).

**{¶11}** Because the trial court plainly erred in failing to include Phillips's jail-time credit when it imposed its sentence for the solicitation charge, we sustain Phillips's sole assignment of error. We accordingly reverse Phillips's sentence in part and remand the matter for the limited purpose of calculating the appropriate amount of jail-time credit that should be awarded to Phillips.

Sentence reversed in part and cause remanded.

**BOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

4