[Cite as *State v. Breneman*, 2012-Ohio-2411.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                  :

     Plaintiff-Appellee                   :          C.A. CASE NO. 2011CA19

vs.                                                    :          T.C. CASE NO. 2010CR103

VIRGIL R. BRENEMAN                     :          (Criminal Appeal from
                                            Common Pleas Court)

     Defendant-Appellant                 :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 1st day of June, 2012.

· · · · · · · · ·

Nick A. Selvaggio, Prosecuting Attorney, Atty. Reg. No. 0055607, 200 North Main Street, Urbana, OH 43078
        Attorney for Plaintiff-Appellee

John A. Fischer, Atty. Reg. No. 0068346, Greene Town Center, 70 Birch Alley, Suite 240, Beavercreek, OH 45440
        Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   On August 18, 2010, Virgil Breneman entered negotiated guilty pleas to three offenses: failure to comply with an order or signal of a police officer, a third degree felony in violation of R.C. 2921.331(B),(C)(5)(a)(ii); possession of cocaine, a fifth degree felony in violation of R.C. 2925.11(A), (C)(4)(a), and unauthorized use of a motor vehicle in violation

of R.C. 2913.03(B), (D)(3). The State dismissed four other charges and agreed to recommend an aggregate sentence of not more than two years.

{¶ 2} On October 13, 2010, after hearing the recommendation the State had promised to make, the court imposed a two-year aggregate sentence consisting of concurrent prison terms of two years for failure to comply, eleven months for possession of cocaine, and eleven months for unauthorized use of a motor vehicle.

{¶ 3} After Defendant had begun serving his sentences, the Bureau of Sentence Computation advised the court of an error in the sentences the court imposed. R.C. 2921.331(D) provides that if an offender is sentenced to prison for failure to comply with the order or signal of a police officer pursuant to division (C)(5) of R.C. 2921.331, as Defendant was, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed on the offender."

{¶ 4} Because Defendant's prison term for failure to comply had been imposed concurrently with other sentences instead of consecutively, the court on February 9, 2011 permitted Defendant to withdraw his guilty pleas and to enter new guilty pleas for the same offenses, for which new sentences would be imposed. Defendant withdrew his former guilty pleas and entered new guilty pleas to the same offenses. The court advised Defendant that it was not required to follow any sentencing recommendations that were made. Defendant acknowledged his understanding of that fact.

{¶ 5} The court accepted Defendant's pleas and immediately proceeded to sentencing. After hearing the recommendations of the parties, the court imposed a two-year sentence for the failure to comply offense, plus six months of community control on both the

possession of cocaine and the unauthorized use of a motor vehicle offenses. The community control would commence upon Defendant's release from prison. As a condition of community control, the court ordered Defendant to undergo drug treatment for the drug-dependency problem for which Defendant had requested help.

{¶ 6} Neither party objected to the sentence the court imposed on February 9, 2011. The judgment of conviction was not journalized until July 21, 2011. Defendant then appealed from his judgment of conviction.

FIRST ASSIGNMENT OF ERROR

{¶ 7} "THE CHAMPAIGN COUNTY COURT ERRED ON RESENTENCING WHEN, WITHOUT EXPLANATION, IT INCREASED THE SEVERITY OF MR. BRENEMAN'S ORIGINAL SENTENCE."

{¶ 8} In *North Carolina v. Pearce*, 295 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held that the Double Jeopardy Clause is not a bar to imposition of a more severe sentence for an offense after a retrial following a defendant's successful appeal of his prior conviction and sentence for the same offense. The Supreme Court also attached the following caveat, at 395 U.S., 723-726:

> To say that there exists no absolute constitutional bar to the imposition of a more severe sentence upon retrial is not, however, to end the inquiry. There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment.
>
> It can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice

of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside. Where, as in each of the cases before us, the original conviction has been set aside because of a constitutional error, the imposition of such a punishment, "penalizing those who choose to exercise" constitutional rights, "would be patently unconstitutional." *United States v. Jackson,* 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138. And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to 'chill the exercise of basic constitutional rights.' Id., at 582, 88 S.Ct., at 1216. See also *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; cf. *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. But even if the first conviction has been set aside for nonconstitutional error, the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law. "A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the rights of the defendant." *Nichols v. United States*, 106 F. 672, 679. A court is "without right to * * * put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered. * * * (I)t is unfair to use the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice." *Worcester v. Commissioner of Internal Revenue*, 1 Cir., 370 F.2d 713, 718. See *Short v.*

*United States*, 120 U.S.App.D.C. 165, 167, 344 F.2d 550, 552. "This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899." *Rinaldi v. Yeager*, 384 U.S. 305, 310-311, 86 S.Ct. 1497, 1500-1501, 16 L.Ed.2d 577.

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based

must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

{¶ 9} Defendant argues that the additional six months of community control following his release from two years incarceration the court previously imposed constitutes a more severe sentence. We agree. Defendant further argues that his request for or need of drug treatment is not "new information" on which the court could rely, because he had brought those same matters to the court's attention when his first sentence was imposed. The record supports Defendant's contention. Nevertheless, we cannot find the violation of the holding in *Pearce* on which Defendant's first assignment of error is predicated.

{¶ 10} The second sentence the court imposed on February 9, 2011, to which Defendant now objects, was not the result of having his first sentence set aside following Defendant's successful appeal or pursuit of a collateral remedy. Rather, the second sentence was the product of the guilty pleas Defendant entered after the court had granted him leave, pursuant to Crim.R. 32.1, to withdraw his prior guilty pleas. Crim.R. 32.1 relief is a "collateral remedy," but that relief was offered by the court sua sponte, not as a result of an order of a superior authority.

{¶ 11} There is no basis to find that the court acted vindictively when it acted to give the Defendant assistance in dealing with the drug problem he had requested when both sentences were imposed. Neither is there any basis to find a chilling effect on Defendant's pursuit of his right to a remedy on appeal or by way of a collateral attack on his first sentence, because neither was a course of conduct Defendant pursued.

{¶ 12} Defendant further argues that the trial court failed to award him all of the jail

time credit to which he is entitled. The court's July 21, 2011 Judgment Entry of Conviction and Sentence indicates that Defendant is entitled to a total of 155 days of jail time credit, which includes thirty-six days earned prior to the initial October 13, 2010 sentencing hearing, plus one hundred and nineteen additional days between October 13, 2010 and the second sentencing hearing held on February 9, 2011. For reasons not explained on this record, one hundred and sixty-two additional days elapsed between the second sentencing hearing on February 9, 2011 and the court's journalization of its Judgment of Conviction and Sentence on July 21, 2011. Defendant contends that the trial court should also have awarded him credit for those one hundred sixty-two days. The court's July 21, 2011 Judgment Entry makes no mention of that time period.

{¶ 13} R.C. 2967.191 states:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

{¶ 14} Pursuant to Ohio Adm. Code 5120-2-04(B), the sentencing court is to determine the amount of time the offender served before being sentenced and forward that

information to the Department of Rehabilitation and Correction (D.R.C.) if the offender is committed to a state correctional institution. The trial court calculated Defendant's jail time credit up to and including the second sentencing hearing held on February 9, 2011. Accord: R.C. 2949.12.

{¶ 15} The record of the February 9, 2011, sentencing hearing indicates that Defendant has been continuously held in prison following the initial sentencing hearing on October 13, 2010. Furthermore, the record in this case demonstrates that Defendant has been in the custody of D.R.C. since October 19, 2010, serving the two year sentence the court imposed for failure to comply with an order or signal of a police officer. Defendant was, of course, brought back to court from the institution for the February 9, 2011 new plea and sentencing proceedings.

{¶ 16} It is reasonable to conclude that, following the second sentencing hearing on February 9, 2011, Defendant was returned to the institution to continue serving his two year sentence, and that D.R.C. would therefore credit Defendant with the time he spent in State custody after February 9, 2011. That Defendant has already been properly credited with all of the time he has spent imprisoned as a result of this offense is borne out by the fact that, as of the writing of this opinion, D.R.C.'s website continues to show that Defendant's prison term expires on September 5, 2012, which is the original release date based upon the original two year sentence handed down by the court on October 13, 2010. That calculation necessarily includes the period between February 9 and July 21, 2011.

{¶ 17} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.


Copies mailed to:

Nick A. Selvaggio, Esq.
John A. Fischer, Esq.
Hon. Roger B. Wilson