[Cite as *Thompson v. Saffold*, 2014-Ohio-838.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100774

# ROBERT D. THOMPSON

### PETITIONER

### vs.

# JUDGE SHIRLEY STRICKLAND SAFFOLD

### RESPONDENT

## JUDGMENT:
### WRIT DENIED

Writ of Mandamus and/or Procedendo
Motion No.   471448
Order No.   472387

**RELEASED:**    March 5, 2014

**FOR RELATOR**

Robert D. Thompson, pro se
Inmate No. 640-239
P. O. Box 57
Marion, Ohio 43301


**FOR RESPONDENT**

Tmothy J. McGinty
Cuyahoga County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Robert D. Thompson ("Thompson") has filed a complaint for a writ of mandamus and/or procedendo. Thompson seeks an order from this court that requires Judge Shirley Strickland Saffold to rule on his motion for jail-time credit in Cuyahoga C.P. No. CR-565385. According to Thompson, the motion was filed on March 26, 2013. Thompson further avers that the trial court imposed his sentence on February 14, 2013, but he claims that his sentence is void and that he is entitled to "be sentenced and a final judgment rendered as a matter of law." Judge Saffold has moved for summary judgment, which Thompson has not opposed, and which we grant the motion for summary judgment for the reasons that follow.

{¶2} Thompson's complaint is defective in several respects that would warrant its dismissal. R.C. 2731.04 (the original action must be designated by using the name of the state on the relation of the person applying); *see also* R.C. 2969.25(A) ("At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."); Loc.App.R. 45 ("All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Absent such detail and attachment, the complaint is subject to dismissal."); *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Barry v.*

*Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶ 2, citing *Allen v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Thompson has not complied with any of the foregoing requirements.

{¶3} Further, the complaint is moot. Judge Saffold granted Thompson's motion for jail-time credit on January 6, 2014, and a copy of the journal entry is attached to respondent's motion for summary judgment. Thompson has not disputed Judge Saffold's position that this ruling rendered the complaint moot. Accordingly, Thompson is not entitled to a writ of mandamus or procedendo to compel a ruling on the motion for jail-time credit. *State ex rel. Culgan v. Kimbler*, 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88 (a writ of mandamus will not issue to compel an act already performed); *see also State ex rel. Pettway*, 8th Dist. Cuyahoga No. 99259, 2013-Ohio-1567, ¶ 2.

{¶4} Finally, Thompson has failed to specify why he believes his sentence is void. Thompson has not produced any evidence that would indicate his criminal sentence is void or is other than a final, appealable order pursuant to Crim.R. 32(C). We note that a trial court's failure to properly calculate jail-time credit as required by law does not affect the finality of a sentencing order in a criminal case. *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, 951 N.E.2d 755, ¶ 1. Any error in the trial judge's improper calculation of jail-time credit, or failure to calculate jail-time credit, is "remediable in the ordinary course of law by appeal or motion for jail-time credit." *Id.* at ¶ 2; *see also State ex rel. Franks v. Cosgrove*, 135 Ohio St.3d 249, 2013-Ohio-402, 985 N.E.2d 1264, ¶ 1.

{¶5} Judge Saffold's motion for summary judgment is granted and Thompson's complaint for mandamus and/or procedendo is denied. Relator to pay costs. Costs waived. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ denied.

---

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR