[Cite as *State v. Davis*, 2018-Ohio-4137.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27495 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-3425 |
| | : | |
| CONRAD E. DAVIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Conrad E. Davis, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to one count of involuntary manslaughter and two counts of felonious assault of a peace officer. In support of his appeal, Davis specifically challenges the trial court's sentence, which awarded him 102 days of jail-time credit; Davis claims he should have instead been awarded 112 days of credit. We agree that the trial court's jail-time credit calculation was erroneous, but we find that Davis was only entitled to 109 days of jail-time credit. Accordingly, the judgment of the trial court will be reversed as to the jail-time credit calculation, and the matter will be remanded to the trial court for the sole purpose of issuing a corrected sentencing entry that credits Davis with 109 days of jail time served.

**Facts and Course of Proceedings**

{¶ 2} On January 6, 2017, Davis was charged by bill of information with one count of involuntary manslaughter and two counts of felonious assault of a peace officer, all felonies of the first degree. One of the felonious assault counts included a three-year firearm specification, a five-year firearm specification, and a seven-year firearm specification. Davis entered a plea agreement and pled guilty as charged in the bill of information in exchange for receiving concurrent sentences for the two counts of felonious assault. After accepting Davis's guilty plea, the trial court ordered a presentence investigation report ("PSI") and scheduled the matter for a sentencing hearing on February 17, 2017. At the sentencing hearing, the trial court sentenced Davis to an aggregate term of 15 years in prison and awarded him 102 days of jail-time credit, as

calculated in the PSI.

**{¶ 3}** On March 10, 2017, Davis filed a timely appeal. Thereafter, on July 21, 2017, Davis's assigned appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there were no issues with arguable merit for appeal. After reviewing the matter, we issued a decision and entry on December 28, 2017, finding at least one issue with arguable merit for appeal, concerning the trial court's jail-time credit calculation of 102 days. Specifically, we found that the trial court relied on the jail-time credit calculation in the PSI, which incorrectly indicated that Davis's sentencing hearing occurred on February 10, 2017, as opposed to February 17, 2017. Since the author of the PSI arrived at 102 days by calculating the days between the date Davis was placed in custody, November 1, 2016, and the incorrect sentencing hearing date of February 10, 2017, we found that a non-frivolous issue existed as to whether the jail-time credit calculation was seven days short.

**{¶ 4}** In light of this finding, we rejected Davis's *Anders* brief and appointed new counsel to file an appellate brief addressing the jail-time credit issue as well as any other issues that counsel deemed appropriate. In response, Davis's newly appointed counsel has filed an appellate brief raising a single assignment of error for review.

## Assignment of Error

**{¶ 5}** Davis's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY ERRONEOUSLY FAILING TO AWARD DEFENDANT-APPELLANT CONRAD DAVIS ("DAVIS") HIS APPROPRIATE JAIL TIME CREDIT.

{¶ 6} Under his single assignment of error, Davis contends the trial court erred in awarding him only 102 days of jail-time credit. According to Davis, he should have been credited with an additional 10 days, making his total award of jail-time credit 112 days. Davis arrives at 112 days by calculating the days between the date he was placed in custody, November 1, 2016, and the date he was transported to prison, February 21, 2017. Therefore, in addition to the seven-day shortage that arose from the trial court using the wrong sentencing hearing date, Davis claims he was entitled to an additional three days of jail-time credit for the time he spent in custody while awaiting his transportation to prison (February 18, 19, and 20, 2017). Davis notes that February 21, 2017, is not part of his calculation because it is considered the first day of his prison sentence.

{¶ 7} The State concedes that the trial court erred in awarding Davis 102 days of jail-time credit, but contends that Davis was only entitled to an additional seven days, making the appropriate award of jail-time credit 109 days. According to the State, Davis's jail-time credit should have been calculated from the date Davis was placed into custody, November 1, 2016, to the date of his February 17, 2017 sentencing hearing. While the State agrees that Davis was entitled to credit against his sentence for the three days he was confined while awaiting his transportation to prison, the State maintains that those days are to be calculated and awarded by the Department of Rehabilitation and Correction, not the trial court. We agree with the State.

{¶ 8} R.C. 2949.08 governs the reduction of a sentence for confinement prior to conviction. Section (A) of the statute provides that a person who is convicted of a felony or a misdemeanor and sentenced to a term of imprisonment shall, along with his record,

be delivered by the sheriff to the jailer. R.C. 2949.08(A). Section (B) of the statue provides that: "The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper[.]" R.C. 2949.08(B). Section (C)(1) provides that the jailer must reduce the sentence "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced[.]" R.C. 2949.08(C)(1).

{¶ 9} R.C. 2967.191 likewise provides that the "department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * * as determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)]." R.C. 2929.19(B)(2)(g)(i) states that, when a trial court imposes a prison sentence, it must "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code."

{¶ 10} Ohio Adm.Code 5120-2-04 further details the process for reducing a sentence for jail-time credit and provides, in relevant part, as follows:

(B) *The sentencing court determines the amount of time the offender served before being sentenced.* The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution,

forward a statement of the number of days of confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.

(C) When the sheriff delivers the offender to the department of rehabilitation and correction's reception center, he shall present the managing officer with a copy of the offender's sentence, stated prison term or combination thereof *that specifies the total number of days, if any, the offender was confined for any reason <u>prior to conviction and sentence</u> and a record of the days he was confined for the offense <u>between the date of sentencing and the date committed to the reception center</u>.*

(D) *The number of days, if any, specified in the court's journal entry committing the offender to the department is the court's finding of the number of days the offender is entitled to by law, <u>up to and including the date of the journal entry</u>.* The bureau of sentence computation shall reduce the offender's * * * prison term by the number of days specified in the entry, plus the number of days the offender was confined as a result of the offense, between the date of the entry and the date committed to the department, as reflected in the sheriff's record.

(Emphasis added.)

**{¶ 11}** "Pursuant to Ohio Adm.Code 5120-2-04(B), the sentencing court is to determine the amount of time the offender served *before being sentenced* and forward that information to the Department of Rehabilitation and Correction * * * if the offender is committed to a state correctional institution." (Emphasis sic.) *State v. Breneman*, 2d

Dist. Champaign No. 2011CA19, 2012-Ohio-2411, ¶ 14. "Although it is the [Department of Rehabilitation and Correction] who credits the jail time served, it is the sentencing court that makes the factual determination as to the amount of time served by the prisoner *before being sentenced*[.]" (Emphasis added.) *State v. Jenkins*, 10th Dist. Franklin No. 09AP-1029, 2010-Ohio-2853, ¶ 13, citing *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 589 N.E.2d 113 (10th Dist.1991).

{¶ 12} It is clear from the language in Ohio Adm.Code 5120-2-04 that the trial court's obligation in calculating jail-time credit is limited to calculating the number of days the defendant was confined prior to sentencing. From there, it is the obligation of the Department of Rehabilitation and Correction to credit the defendant with the number of days the defendant was confined between the date of his sentencing and the date of the defendant's transportation to prison, as is reflected in the sheriff's record.

{¶ 13} In *State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, we held that the trial court erred in awarding jail-time credit "from November 30, 2014 until conveyance to the penitentiary system." *Id.* at ¶ 14-15. Specifically, we found that awarding jail-time credit in such a manner was erroneous because R.C. 2949.08(B) specifies that the record of the person's conviction " 'shall specify the **total number of days**, if any, that the person was confined' for the offense prior to his conviction and 'prior to delivery to the jailer, administrator, or keeper.' " (Emphasis sic.) *Id.* at ¶ 14, quoting R.C. 2949.08(B). Therefore, we held that "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for Wade to be heard on the issue of jail-time credit, warrant[ed] remanding [the] matter for the [trial] court to properly address the [jail-time

credit] issue."  *Id.* at ¶ 15.

{¶ 14} Because the trial court must specify a defendant's total number of days of jail-time credit, the trial court's factual determination as to jail-time credit is necessarily limited to the amount of time that the defendant was in confinement prior to sentencing. At the time of sentencing, the trial court has no way of knowing how long it will take a defendant to be transported to prison after the defendant has been sentenced; therefore, any days the defendant spends in confinement while awaiting transportation to prison cannot properly be included in the trial court's jail-time credit calculation.   Accordingly, we agree with the State that the trial court's duty was limited to calculating the number of days that Davis was confined as of the date of his sentencing hearing.

{¶ 15} In this case, Davis was sentenced on February 17, 2017, not February 10, 2017.   Since Davis was placed in custody on November 1, 2016, we find that the trial court should have awarded Davis 109 days of jail-time credit as opposed to 102 days of credit.   Any failure on the part of the Department of Rehabilitation and Correction to credit Davis with the three days he was confined between his sentencing and his transportation to prison is a matter that Davis must raise with the Department of Rehabilitation and Correction.

{¶ 16} That said, we note that an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable.   R.C. 2929.19(B)(2)(g)(iv); *State v. Norris*, 7th Dist. Monroe No. 14 MO 7, 2014-Ohio-5833, ¶ 21; *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21; *Thompson v. Saffold*, 8th Dist. Cuyahoga No. 100774, 2014-Ohio-838, ¶ 4 ("a trial court's failure to properly calculate

jail-time credit as required by law does not affect the finality of a sentencing order in a criminal case").

{¶ 17} Crim.R. 36 authorizes a trial court to correct at any time "[c]lerical mistakes in judgment, orders, or other parts of the record * * *." *See also State v. Gonzalez*, 1st Dist. Hamilton No. C-150582, 2017-Ohio-7301, ¶ 9 (holding that Crim.R. 36 authorizes a trial court to, at any time, "enter judgment nunc pro tunc to the date of the original conviction, correcting a mistake of fact, but not an error of law, in the jail-time credit specified in a judgment of conviction.")  The trial court may therefore remedy the error in this case by issuing a corrected sentencing entry nunc pro tunc that reflects the correct number of days of jail-time credit.  *See State v. Fields*, 10th Dist. Franklin No. 16AP-417, 2017-Ohio-661, ¶ 29, citing Crim.R. 36; *State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 15; *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, and 26983, 2016-Ohio-4897, ¶ 11, 16.

{¶ 18} Davis's sole assignment of error is sustained.


**Conclusion**

{¶ 19} Having sustained Davis's sole assignment of error, the judgment of the trial court is reversed only as to its calculation of jail-time credit, and the matter is remanded for the trial court to issue a corrected sentencing entry nunc pro tunc that credits Davis with 109 days of jail time served.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Michael Hallock, Jr.
Hon. Dennis J. Langer