[Cite as *State v. Guiser*, 2019-Ohio-5421.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29456 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KRISTIE M. GUISER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2014-07-2178(B) |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2019

HENSAL, Judge.

{¶1} Kristie Guiser appeals a judgment of the Summit County Court of Common Pleas that denied her motion for jail-time credit. For the following reasons, this Court reverses.

I.

{¶2} In 2014, Ms. Guiser pleaded guilty to one count of aggravated possession of drugs. The trial court found her guilty of the offense and sentenced her to 30 months of community control, advising her that, if she violated the conditions of her community control, it would sentence her to one year in prison and order it to run consecutive to a sentence she had received in a different case.

{¶3} Three weeks after sentencing, Ms. Guiser violated the conditions of her community control. The trial court found her guilty of the violation and ordered her to serve one year in prison consecutive to the two-year sentence she had received in a different case. The

court credited her 145 days for time she had already served in jail and a community-based correctional facility (CBCF).

{¶4}   After Ms. Guiser served more than 500 days in prison, the trial court granted her judicial release and placed her on two years of community control.  Ms. Guiser violated the conditions of her community control three times.  The first two times, the court continued her on community control.  The third time the trial court sentenced her to one year in prison to be served consecutively to a two-year sentence it had imposed for her community control violation in a different case, for a total of three years imprisonment.  It credited her "an aggregate total of 67 days of jail credit * * * since the time she was released from prison on judicial release."  The court also wrote in its entry that "Defendant's previously calculated jail time credit prior to the original imposition of sentence, along with the time served in the Ohio State Reformatory for Women, is not included in this calculation."

{¶5}   Ms. Guiser did not appeal her sentence.  Instead, she filed a motion for jail-time credit, arguing that she had only received 67 days of credit and that the trial court should have included the time she spent in jail and a CBCF before her first prison stay.  The trial court denied her motion.  Ms. Guiser subsequently filed a request for a nunc pro tunc entry and a motion to calculate and amend her jail time and prison credit, arguing that the court's jail time credit should have included all of the time she spent in jail, a CBCF, or prison before her judicial release.  The trial court denied her motion.  Ms. Guiser has appealed, assigning as error that the trial court failed to properly calculate and credit her prior jail and prison time.

II.

ASSIGNMENT OF ERROR

THE  TRIAL  COURT  DENIED  THE  DEFENDANT-APPELLANT  DUE
PROCESS  AND  EQUAL  PROTECTION  UNDER  THE  LAW  WHERE  IT

FAILED TO CALCULATE AND CREDIT THE DEFENDANT'S CONFINEMENT (JAIL-TIME) CREDIT AND PRIOR INCARCERATION IN ITS SENTENCING ENTRY.

{¶6} Ms. Guiser argues that the trial court incorrectly concluded that she was not entitled to any additional jail-time credit. Revised Code Section 2929.19(B)(2)(g)[1] provides that, at sentencing, if a court determines that a prison term is necessary or required, it shall

> include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

R.C. 2929.19(B)(2)(g)(i). The statute also provides that a sentencing court retains jurisdiction "to correct any error [in the calculation] not previously raised at sentencing[.]" R.C. 2929.19(B)(2)(g)(iii). "[An] offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion." *Id.* We review the denial of a motion to correct jail-time credit for an abuse of discretion. *State v. George*, 9th Dist. Medina No. 19CA0037-M, 2019-Ohio-3823, ¶ 8. An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} Ms. Guiser argues that the trial court's sentencing entry did not award her all of the jail-time credit to which she was entitled. She contends that, in contrast to the 67 days that

---

[1] Since their enactment in 2012, the location of these jail-time credit provisions has fluctuated between R.C. 2929.19(B)(2)(f), 2929.19(B)(2)(g), and 2929.19(B)(2)(h).

the court credited her, she has actually been in a jail or a CBCF for a total of 243 days. She also contends that she has been incarcerated in prison a total of 504 days, bringing her aggregate time served to 747 days.

{¶8} The State notes that the trial court was not responsible for crediting Ms. Guiser's prison time. Section 2929.19(B)(2)(g)(i) specifically provides that "[t]he court's [jail-time credit] calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction * * *." Prior prison time is credited to a defendant by the department of rehabilitation and correction itself under Section 2967.191(A), which provides that the department "shall reduce the stated prison term * * * by the total number of days, if any, that the prisoner previously served in the custody of the department * * * arising out of the offense for which the prisoner was * * * sentenced." *See State v. Fisher*, 10th Dist. Franklin No. 16AP-402, 2016-Ohio-8501, ¶ 16 (explaining that the department of rehabilitation and corrections' "obligation to reduce a stated prison term by the number of days an inmate previously served in [its] custody is independent of the sentencing court's duty to determine jail-time credit.").

{¶9} Although the trial court was not required to include Ms. Guiser's prior prison time in its calculation, it was required to determine "the total number of days" that Ms. Guiser has been confined "for any reason arising out of the offense" for which she was being sentenced. R.C. 2929.19(B)(2)(g)(i). When the trial court sentenced Ms. Guiser after her first community control violation, it determined that she had served 145 days in jail or a CBCF. According to Ms. Guiser, she spent another 15 days in jail after sentencing until she was actually transported to prison. Under Section 2967.191(A), Ms. Guiser is entitled to credit for the number of days that she spent in "confinement while awaiting transportation to the place where [she] is to serve

[her] prison term." Because a sentencing court does not know how many days that is going to be at the time of sentencing, Ohio Administrative Code 5120-2-04(C) provides that, when a sheriff delivers an offender to the department of rehabilitation and corrections' reception center, the sheriff must present "a record of the days [the offender] was confined for the offense between the date of sentencing and the date committed to the reception center." *See State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 10-14.

{¶10} When the trial court sentenced Ms. Guiser for violating the conditions of her community control after her judicial release, it did not include the 145 days it originally credited her or the time that she spent awaiting transportation to prison following her first violation in its jail-time credit. Instead, it only credited her the 67 days she had spent in custody "since the time she was released from prison on judicial release." It explicitly indicated that "Defendant's previously calculated jail time credit * * * is not included in this calculation."

{¶11} The plain language of Section 2929.19(B)(2)(g)(i) directs a sentencing court to include in its sentencing "the total number of days" that an offender has been confined "for any reason" arising out of the offense for which she is being sentenced. We note that, although the court sentenced Ms. Guiser after she committed a community control violation, the sentence it imposed was actually for her original conviction of aggravated possession of drugs, just as the sentence it imposed following her first community control violation. Upon review of the record, we conclude that the trial court's jail-time credit should have included all of the time that she was confined in jail or a CBCF before and immediately after sentencing on her first community control violation as well as the time that she has spent in jail or a CBCF related to that offense following her judicial release.

{¶12}   Upon review of the trial court's sentencing entry, it appears that the court believed it did not have to include the jail-time credit it previously determined, but could simply tack on the additional time that Ms. Guiser was entitled because of her confinement on the latest community control violation.   Although that makes some practical sense, Section 2929.19(B)(2)(g)(i) requires a court to calculate "the total number of days" that an offender was confined related to the underlying offense.   It is also important for a court's latest sentencing entry to include all of the prior time because the department of rehabilitations and correction may only credit jail time that has been "determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)."   R.C. 2967.191(A).   Furthermore, in assessing what time has been "determined by the sentencing court[,]" Section 2929.19(B)(2)(g)(v) provides that "[t]he department of rehabilitation and correction shall rely upon the latest journal entry of the court in determining the total days of local confinement for purposes of division (B)(2)(g)(i) to (iii) of this section and section 2967.191 of the Revised Code."   The department, therefore, could not look back to the time the trial court credited in its prior sentencing entry, but was only authorized to award Ms. Guiser 67 days of jail time credit.

{¶13}   Upon review of the record, we conclude that the trial court should have granted Ms. Guiser's motion and awarded her the additional jail-time credit to which she is entitled. Without a correction of the amount of jail-time credit, Ms. Guiser will be required to serve time that she has already served, which is both unreasonable and unconscionable.   We, therefore, conclude that the trial court exercised improper discretion when it denied Ms. Guiser's motion under Section 2929.19(B)(2)(g)(iii).   The trial court is instructed to enter a new sentencing order that credits Ms. Guiser for all of the time she has spent in confinement in jail or a CBCF related to her aggravated-possession-of-drugs offense.   If the trial court concludes on remand that the

correct jail-time credit can be determined from the record, it may correct the error by issuing a corrected sentencing entry nunc pro tunc. *Davis*, 2018-Ohio-4137, ¶ 17. Ms. Guiser's assignment of error is sustained.

## III.

{**¶14**} Ms. Guiser's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

KRISTIE M. GUISER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.