[Cite as *State v. Windsor*, 2022-Ohio-1785.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-25 |
| | : | |
| v. | : | Trial Court Case Nos. 2020-CR-343 |
| | : | |
| DAMEON WINDSOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of May, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 1160 East Dayton-Yellow Springs Road, Suite 306, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Dameon Windsor, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of having weapons while under disability. In support of his appeal, Windsor contends that the trial court failed to properly calculate his jail-time credit. Specifically, Windsor claims that the trial court failed to specify the total number of days of jail-time credit that he earned as of the date of his sentencing hearing. The State concedes error in that regard, and we agree that the trial court's failure to specify Windsor's total number of days of jail-time credit was erroneous. Therefore, the trial court's judgment will be reversed insofar as it did not award Windsor a specific amount of jail-time credit, and the matter will be remanded to the trial court so that the court can specify the total number of days of jail-time credit that Windsor had earned prior to his sentencing. In all other respects, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On March 16, 2021, Windsor entered a guilty plea to one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. The trial court accepted Windsor's guilty plea and scheduled the matter for a sentencing hearing on April 1, 2021. During the sentencing hearing, the trial court ordered Windsor to serve 36 months in prison for his offense. Because Windsor had been on post-release control when he committed the offense in question, the trial court also terminated Windsor's post-release control and imposed an additional, consecutive

term of 27 months in prison, which reflected the amount of time that Windsor had left to serve on his post-release control. In the judgment entry of conviction, the trial court ordered that Windsor was to receive jail-time credit "from February 12, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]."

{¶ 3} Windsor appealed from his conviction. Windsor's first appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and raising three potential assignments of error. After reviewing Windsor's potential assignments of error and conducting an independent review of the record, this court identified at least one issue with arguable merit for Windsor to advance on appeal. The issue identified by this court concerned the trial court's failure to specify the total number of days of jail-time credit that Windsor had earned as of the date of his sentencing. Having identified that issue, we rejected Windsor's *Anders* brief, appointed new appellate counsel to represent Windsor, and ordered Windsor's new counsel to file a brief addressing the aforementioned jail-time credit issue and any other issues. Windsor's new counsel thereafter filed a brief asserting a single assignment of error for this court to review.

**Assignment of Error**

{¶ 4} Windsor contends that the trial court erred by failing to properly calculate his jail-time credit. Specifically, Windsor claims that the trial court failed to specify the total number of days of jail-time credit that he had earned as of the date of his sentencing. As

noted above, the State concedes error, and we agree that the trial court's failure to specify Windsor's total number of days of jail-time credit was erroneous.

{¶ 5} R.C. 2949.08(B) provides that:

> The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

{¶ 6} R.C. 2949.08(C) provides that:

> [T]the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody * * * by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

{¶ 7} In *State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, we held that the trial court had erred by awarding jail-time credit "from November 30, 2014 until conveyance to the penitentiary system." *Id.* at ¶ 14-15. We found that awarding jail-

time credit in such a manner was erroneous because R.C. 2949.08(B) specifies that the record of the person's conviction " 'shall specify the **total number of days**, if any, that the person was confined' for the offense prior to his conviction and 'prior to delivery to the jailer, administrator, or keeper.' " (Emphasis sic.) *Id.* at ¶ 14, quoting R.C. 2949.08(B). Therefore, we held that "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for Wade to be heard on the issue of jail-time credit, warrant[ed] remanding [the] matter for the [trial] court to properly address the [jail-time credit] issue." *Id.* at ¶ 15.

{¶ 8} Similar to *Wade*, the trial court in this case awarded Windsor jail-time credit "from February 12, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]." The trial court's duty, however, was to calculate and specify the total number of days that Windsor had been confined in jail for the instant offense as of the date of his sentencing hearing. *See State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 12 ("It is clear from the language in Ohio Adm.Code 5120-2-04 that the trial court's obligation in calculating jail-time credit is limited to calculating the number of days the defendant was confined prior to sentencing."). "At the time of sentencing, the trial court has no way of knowing how long it will take a defendant to be transported to prison after the defendant has been sentenced; therefore, any days the defendant spends in confinement while awaiting transportation to prison cannot properly be included in the trial court's jail-time credit calculation." *Id.* at ¶ 14. As a result, Windsor correctly asserts that the trial court erred by failing to specify the total number of days of jail-time credit that he earned as of the date of his sentencing hearing. Windsor also correctly

asserts that the trial court should have calculated his jail-time credit from the date of his conveyance to the Clark County Jail (February 12, 2021)[1] to the date of his sentencing (April 1, 2021), for a total award of 48 days of jail-time credit.

**{¶ 9}** That said, "an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable." *Id.* at ¶ 16, citing R.C. 2929.19(B)(2)(g)(iv), *State v. Norris*, 7th Dist. Monroe No. 14 MO 7, 2014-Ohio-5833, ¶ 21, *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21, and *Thompson v. Saffold*, 8th Dist. Cuyahoga No. 100774, 2014-Ohio-838, ¶ 4 ("a trial court's failure to properly calculate jail-time credit as required by law does not affect the finality of a sentencing order in a criminal case"). As explained in *Wade*, "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for [the defendant] to be heard on the issue of jail-time credit, warrant[s] remanding th[e] matter for the court to properly address the issue." *Wade* at ¶ 15.

**{¶ 10}** In this case, the record indicates that Windsor was not given the opportunity to be heard on the issue of jail-time credit at his sentencing hearing. This is because the trial court's award of jail-time credit "from February 12, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]" was specified only in the sentencing entry. Therefore, we conclude that it is appropriate to remand this matter to the trial court so that the court can address the jail-time credit issue by specifying the total number of days

---

[1] The record indicates that prior to February 12, 2021, Windsor was confined in the Montgomery County Jail on other charges.

of jail-time credit that Windsor had earned as of the date of his sentencing.

{¶ 11} Windsor's sole assignment of error is sustained.


**Conclusion**

{¶ 12} Having sustained Windsor's assignment of error, the portion of the trial court's judgment awarding Windsor jail-time credit is reversed, and the matter is remanded to the trial court so that the court can specify the total number of days of jail-time credit that Windsor had earned as of the date of his sentencing. In all other respects, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .


DONOVAN, J. and EPLEY, J., concur.



Copies sent to:

Ian A. Richardson
David R. Miles
Dameon Windsor
Hon. Douglas M. Rastatter