[Cite as *State v. McDougald*, 2025-Ohio-628.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :          Case No.  24CA4074

    v.                                  :

                                        :          <u>DECISION AND JUDGMENT
JERONE MCDOUGALD,                       :          ENTRY</u>

    Defendant-Appellant.                :
_____

<u>APPEARANCES:</u>

Jerone McDougald, Toledo, Ohio, Appellant Pro Se.

Shane A. Tieman, Prosecuting Attorney, Jay S. Willis, Assistant Prosecuting
Attorney, Portsmouth, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Jerone McDougald, "McDougald," appeals the March 22, 2024
entry of the Scioto County Court of Common Pleas denying his Motion for
Jail Time Credit.  On appeal, McDougald contends that the trial court
violated R.C. 2949.08 by failing to grant him additional jail-time credit for
days spent awaiting transport from the Scioto County Jail to a state
correctional facility.  The State responds that due to McDougald's multiple
prior appeals, his argument is now barred by res judicata.  After reviewing
the arguments of the parties, the record, and the applicable law, we find that

the trial court did not abuse its discretion in failing to award McDougald additional days of jail-time credit. Therefore, we affirm the trial court's judgment entry.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} The factual circumstances underlying McDougald's 2007 felony convictions for: (1) drug possession in violation of R.C. 2925.11(C)(4)(e); (2) trafficking in drugs, a violation of R.C. 2925.03(A)(1)/ (C)(4)(f); (3) possession of criminal tools in violation of R.C. 2923.24(A)/ (C); and (4) having a weapon while under disability in violation of R.C. 2923.13(A)(3), are unnecessary to resolution of his current appeal. At the conclusion of a jury trial on April 3, 2007, McDougald was ordered to serve a total of 20 years in prison.

{¶3} McDougald filed a direct appeal. The trial transcript was filed in this Court on July 3, 2007. We later affirmed his convictions. *See State v. McDougald*, 2008-Ohio-1398 (4th Dist.) "*McDougald I*." Since his direct appeal, McDougald has filed five untimely and unsuccessful petitions for postconviction relief. *See State v. McDougald,* 2009-Ohio-4417 "*McDougald II*"; *State v. McDougald,* 2015-Ohio-5590, "*McDougald III*" (two consolidated cases); and *State v. McDougald,* 2016-Ohio-5080, "*McDougald IV*." The Supreme Court of Ohio declined jurisdiction on

McDougald's 2016 appeal in *State v. McDougald*, 2017-Ohio-261.

McDougald has also filed a "Motion for Relief from Judgment and Motion

to Declare Sentence Void," "Motion to Declare Sentence Void," and Motion

for Void Sentence and Conviction," all of which have been denied by the

trial court. McDougald also filed a "Motion by Entry" which was denied.

On August 6, 2021, we dismissed his attempt to appeal the denial of his

"Motion by Entry."

{¶4} McDougald's current appeal concerns his request for additional

jail-time credit. Our review of the record reveals that McDougald was

sentenced in open court, immediately after his trial, on April 3, 2007. The

trial/sentencing transcript does not reflect that the trial court addressed jail-

time credit at that time. However, an April 30, 2007 entry captioned

"Judgment Entry" which set forth McDougald's sentence, states in pertinent

part:

> The defendant is therefore ordered conveyed to the custody of the Ohio Department of Rehabilitation and Corrections. (ODRC) Credit for 107 days served is granted as of this date along with future custody days while the defendant awaits transportation to the appropriate state institution.

Later, the court's docket reflects entry of a May 16, 2007 "Nunc Pro Tunc

Judgment Entry." The nunc pro tunc entry contains the exact language

regarding jail-time credit.

{¶ 5} McDougald's Motion for Jail-Time Credit was filed on November 29, 2023 and denied on March 22, 2024. By entry dated June 10, 2024, this court granted McDougald's motion for delayed appeal.

ASSIGNMENT OF ERROR[1]

I.    THE TRIAL COURT ERRED BY VIOLATING R.C.2949.08(B).

STANDARD OF REVIEW

{¶6} Despite filing a direct appeal and various postconviction motions, McDougald has never raised the issue of jail time credit in a prior pleading nor has he filed a separate motion for jail time credit. Ordinarily, principles of res judicata would apply. It is well settled that under res judicata " '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' " *State ex rel. O'Malley v. Russo,* 2019-Ohio-1698, ¶ 27 quoting *Grava v. Parkman Twp.,* 73 Ohio St.3d 379 (1995), syllabus.

{¶7} However, it is also well-settled, that trial courts have continuing jurisdiction to correct errors regarding jail-time credit. *State v. Crisp,* 2022-Ohio-1221, ¶ 13; R.C. 2929.19(B)(2)(g)(iii). *See also State v. Price,* 2020-

---

[1] McDougald did not set forth an actual assignment of error in his brief. The assignment of error here is set forth as interpreted in the State's responsive brief.

Ohio-6702, ¶ 22 (4th Dist.) ("[I]f a jail-time credit argument is not raised on direct appeal, it can still be raised later by way of a motion to correct jail-time credit," which we review "for an abuse of discretion.")  Consequently, we review the trial court's decision denying McDougald's motion for an abuse of discretion.  An abuse of discretion means that the court acted in an unreasonable, arbitrary, or unconscionable manner or employed a view or action that no conscientious judge could honestly have taken.  *See Price, supra.  See also State v. Kirkland,* 2014-Ohio-1966, ¶ 67.

                                    LEGAL ANALYSIS

{¶8} " 'The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions.' "  *State v. Hodge*, 2022-Ohio- 2748, ¶ 37 (4th Dist.), quoting *State v. Fugate,* 2008-Ohio-856, ¶ 7.  *Fugate* found that "the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees." *Crisp,* ¶ 17, citing *Griffin v. Illinois,* 351 U.S. 12 (1956) (additional citations omitted.)  Therefore, "courts have held that defendants who are unable to

afford bail must be credited for the time they are confined while awaiting trial." *Fugate, supra.*

{¶9} The following Ohio statutes and code sections are pertinent to consideration of appeals involving jail-time credit issues. R.C. 2949.08, cited by McDougald, governs the reduction of a sentence for confinement prior to conviction. *State v. Davis,* 2018-Ohio-4137, ¶ 8 (2d Dist.). Section (A) of the statute provides that a person who is convicted of a felony or a misdemeanor and sentenced to a term of imprisonment shall, along with his record, be delivered by the sheriff to the jailer. R.C. 2949.08(A). Section (B) of the statute provides that: "The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper[.]" R.C. 2949.08(B). Section (C)(1) provides that the jailer must reduce the sentence "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced[.]" R.C. 2949.08(C)(1).

{¶10} The right to receive jail-time credit has been codified in R.C. 2967.191, which governs credit for confinement while awaiting trial and commitment and requires the ODRC to reduce a felony offender's prison

term "by the total number of days that the prisoner was confined for any

reason arising out of the offense for which the prisoner was convicted and

sentenced[.]"

{¶11} Ohio Adm. Code 5120-2-04 further details the process for

reducing a sentence for jail-time credit and provides, in relevant part, as

follows:

> (B) The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.
>
> (C) When the sheriff delivers the offender to the department of rehabilitation and correction's reception center, he shall present the managing officer with a copy of the offender's sentence, stated prison term or combination thereof that specifies the total number of days, if any, the offender was confined for any reason prior to conviction and sentence and a record of the days he was confined for the offense between the date of sentencing and the date committed to the reception center.
>
> (D) The number of days, if any, specified in the court's journal entry committing the offender to the department is the court's finding of the number of days the offender is entitled to by law, up to and including the date of the journal entry. The bureau of sentence computation shall reduce the offender's * * * prison term by the number of days specified in the entry, plus the number of days the offender was confined as a result of the offense, between

the date of the entry and the date committed to the department, as reflected in the sheriff's record.

*See Davis, supra, ¶ 10.*

{¶12} *Davis* explained that "[p]ursuant to Ohio Adm. Code 5120-2-04(B), the sentencing court is to determine the amount of time the offender served before being sentenced and forward that information to the Department of Rehabilitation and Correction * * * if the offender is committed to a state correctional institution." *Id.,* ¶ 11. "While it is the [Department of Rehabilitation and Correction's] duty to credit a prisoner for his pretrial confinement, it is the trial court that calculates the number of days the offender served prior to being sentenced." *Crisp,* ¶ 22. *See also State v. Harbut,* 2024-Ohio-4811, ¶ 62 ("It is the trial court's responsibility to make the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his or her sentence.") *Davis* further explained: "It is clear from the language in Ohio Adm. Code 5120-2-04 that the trial court's obligation in calculating jail-time credit is limited to calculating the number of days the defendant was confined *prior to sentencing*." *Id.* at ¶ 12. (Emphasis added.) "From there, it is the obligation of the Department of Rehabilitation and Correction to credit the defendant with the number of days the defendant was confined between the

date of his sentencing and the date of the defendant's transportation to

prison, as is reflected in the sheriff's record." *Id.*

{¶13} *Harbut, supra,* at ¶ 64, followed the reasoning set forth in

*Davis* as follows:

> At the time of sentencing, the trial court has no way of
> knowing how long it will take a defendant to be
> transported to prison after the defendant has been
> sentenced; therefore, any days the defendant spends in
> confinement while awaiting transportation to prison
> cannot properly be included in the trial court's jail time
> credit calculation.

*Id.* at ¶12.  Consequently, the *Davis* court found that any failure on the part

of ODRC to credit Davis with three additional days he claimed entitlement

to between his sentencing and his transportation to prison was "a matter that

Davis must raise with the Department of Rehabilitation and Correction."  *Id.*

at ¶ 15.  *See also Price, supra,* at ¶ 33 ("Trial court did not err or abuse its

discretion in failing to specifically include Price's days served in the custody

of ODRC in its jail time credit… Rather, it is the duty of ODRC to

determine that figure and reduce Price's prison sentence in accordance with

R.C. 2967.191.")

{¶14} Applying the reasoning as discussed in the statutes and case

law above, we find that the trial court did not abuse its discretion in denying

McDougald's motion for additional jail-time credit.  The record reflects that

McDougald was incarcerated in the Scioto County jail prior to trial from December 18, 2006 to his sentencing on April 3, 2007. Thereafter, he awaited transport to the state prison until May 1, 2007. McDougald argues that the trial court erred in granting only 107 days of jail time credit when he should have been given 134 days of credit. In response, the State of Ohio contends that McDougald does not present any credible evidence aside from vague unsupported assertions that he should have been granted 134 days.[2]

{¶15} We first note that the trial court's entry denying McDougald's motion states:

> Upon review of said motion, and confirmation with the Scioto County Sheriff's office, this Court finds that the Defendant has been granted the correct amount of jail time credit in the above stated matter, being a total of One Hundred Seven (107) days. Therefore, Defendant's motion is hereby denied.

Absent evidence to the contrary, we presume that the trial court properly performed his duty and properly applied the law. *See State v. Hoover,* 1995 WL 5882 *2 (4th Dist.); *Columbus v. Guthman*, 175 Ohio St. 282 (1963).

{¶16} We also observe that the pleading docket contains a filing dated September 23, 2021, captioned "Notice of New Calculation of Sentence

---

[2] The State's brief contends that in actuality, McDougald was entitled to only 105 days. McDougald's motion in the trial court requested additional credit for a total of 133 days. In McDougald's opening brief, he argues entitlement to 134 days total. In his reply brief, he argues he is entitled to 143 days of credit. We perceive the count difference in McDougald's appellate filings to constitute a likely scrivener's error.

Received from the Ohio Department of Rehabilitation and Corrections Concerning the Defendant Herein." This document lists the following information:

> -Admission Date: 05-01-07
>
> -Aggregate Jail Time Credit: 134 days (Includes 0
>
> days previously spent in DRC)

{¶17} McDougald received 107 days of jail-time credit on his sentencing date, April 3, 2007. Jail-time credit includes the sentencing date. *See Harbut,* at ¶ 62, citing R.C. 2929.19(B)(2)(g)(i). For purposes of determining jail-time credit after sentencing, McDougald began awaiting transport on April 4, 2007. During the time between April 4, 2007 and May 1, 2007, 27 days elapsed until McDougald's transfer from the Scioto County Jail to an Ohio prison. Perhaps this accounts for McDougald's argument that he is entitled to 134 days, not just 107.

{¶18} However, as discussed above, it is not the trial court's duty to calculate any additional days McDougald awaited transport because the trial court had no way of knowing how long that would be. It was ODRC's duty to determine McDougald's entitlement to additional days during that time and to reduce his prison sentence accordingly. McDougald must raise this issue with the ODRC. Therefore, McDougald's argument that the trial court

violated R.C.2949.08(B) by denying his motion for additional jail-time credit is without merit.  The judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**