[Cite as *State v. Jackson*, 2024-Ohio-583.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112843 |
| v. | : | |
| MARQUISE D. JACKSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 15, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-619749-A, CR-22-666534-A, CR-22-666977-A, CR-22-671433-A,
CR-23-677633-A, and CR-23-678698-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian Callahan, Assistant Prosecuting Attorney, *for appellee.*

The Goldberg Law Firm LLC and Adam Parker, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Marquise Jackson appeals the imposition of consecutive service in three cases in which he was found to have violated previously imposed community control sanctions: Cuyahoga C.P. Nos. CR-619749, CR-666534, and CR-666977

(collectively "violation cases"). For the following reasons, we reverse the imposition of consecutive service and remand for a new hearing to solely resolve the consecutive-sentencing question.

{¶ 2} In the violation cases, Jackson was serving a term of community control sanctions for menacing by stalking, criminal damaging, telecommunications harassment, failure to comply, and burglary convictions. After several violations and continuation of the community control sanctions, Jackson committed several additional crimes leading to Cuyahoga C.P. Nos. CR-671433, CR-677633, and CR-678698 (collectively "new-offense cases"): vandalism, tampering with records, violating a protection order, and two counts of menacing by stalking. The community control sanctions imposed in CR-619749 expired, which included the failure-to-comply conviction, but the trial court found Jackson to have violated the sanctions imposed on the remaining violation cases. The 15-month aggregate of the sentences imposed in the violation cases were imposed consecutively to the 24-month aggregate of the sentences imposed in the new-offense cases. The trial court imposed consecutive service of those sentences as a matter of law: the sentences imposed in the violation cases "will run concurrent with each other, *but, by law*, consecutive to" the sentences imposed in the new-offense cases. (Emphasis added.) Tr. 196:9-15. Neither the transcript nor any of the journal entries contain consecutive-sentence findings, and there is no discussion as to the mandatory consecutive nature of the imposed sentences.

{¶ 3} The parties have not addressed this aspect of the procedural history.

Instead, both Jackson and the state presume that the trial court was required to make consecutive-sentence findings under R.C. 2929.14(C)(4) and attempted to do so. Both parties argue that the trial court partially complied with R.C. 2929.14(C)(4) by referencing the trial court's recitation of the principles of felony sentencing under R.C. 2929.11 at the onset of the sentencing hearing. The trial court's statement — "the two primary things that a Court does in sentencing is to protect the public and punish the offender" — is an overriding statement reflecting Ohio sentencing principles and cannot be considered an attempt to comply with R.C. 2929.14(C)(4).

{¶ 4} In that context, it is not clear that the trial court was considering the R.C. 2929.14(C)(4) factors rather than reciting, nearly verbatim, the principles of sentencing under R.C. 2929.11: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender * * *." R.C. 2929.11 does not apply to consecutive sentencing. *See, e.g., State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 17 ("R.C. 2929.11 and 2929.12 both clearly apply only to individual sentences."). As the trial court further explained, Jackson's inability to conform and adhere to the laws of Ohio endangered the public and required the court to "issu[e] a punishment," but there was no discussion regarding whether that punishment entailed consecutive service of prison sentences. Further, upon reciting the language of R.C. 2929.11, the trial court immediately transitioned into imposing individual sentences on each offense. Although the R.C. 2929.11 principles of sentencing overlap to some degree with R.C. 2929.14(C)(4), the record in this case does not demonstrate that the trial

court was attempting to exercise its discretion in considering consecutive service of the punishments imposed.

{¶ 5} Jackson's appellate argument focuses on his belief that the trial court did not make all the findings, failing to find that consecutive service was not disproportionate to Jackson's conduct. Despite the fact that Jackson has inartfully framed the dispositive issue, his argument that the trial court failed to make all the required findings is vacuously true — the trial court did not make any findings based on its stated position that consecutive service was required as a matter of law.

{¶ 6} The state argues that the findings can be discerned from the record under *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29 ("[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."). Thus, the state appears to concede that consecutive service of the prison sentences imposed for the violations of community control sanctions are discretionary and that R.C. 2929.14(C)(4) findings were required. *See, e.g., State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 27 (concluding that when an offender violates the terms of community control, the trial court may impose a prison term to be served consecutively to any other sentence through compliance with R.C. 2929.14(C)(4)). Although appellate courts may discern the findings are made from the record, that divination must be limited to the record as it pertains to the trial court's exercise of its discretionary authority to impose consecutive sentences under R.C.

2929.14(C)(4). We cannot assume that the court would make the findings when it believed the findings to be unnecessary.

{¶ 7} Coupling the above observation with the parties' presumption that compliance with R.C. 2929.14(C)(4) was required before the imposition of consecutive sentences, it must be concluded that the trial court erred by imposing the sentences consecutively without complying with R.C. 2929.14(C)(4). *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 19. In general, when consecutive sentences are discretionary and subject to the R.C. 2929.14(C)(4) requirements, a trial court is considered to have committed reversible error when imposing consecutive service based on a belief that the consecutive service is required by law. *Id.* In those situations, the trial court has not exercised any discretion under R.C. 2929.14(C)(4) and a new hearing on the consecutive-sentence determination is required. *Id.*

{¶ 8} After imposing individual sentences on each offense, the trial court considered the consecutive-service question but concluded that it was required by law. Even under *Bonnell's* standard of review, an appellate court cannot infer a discretionary decision when consecutive service was believed to be mandated by law. *Johnson* at ¶ 19. The trial court's stated rationale for imposing the sentences to be served consecutively cannot be overlooked. As a result, Jackson's request for a remand and new sentencing hearing to address the consecutive-service issue is sustained.

{¶ 9} The imposition of consecutive service of the underlying sentences is reversed, and the matter remanded for the sole purpose of conducting a new sentencing hearing to address the consecutive-service question with respect to all the individual sentences imposed. Although the trial court may consider the consecutive-sentencing issue anew, the individual sentences imposed on each offense are now final and cannot be revisited on remand. The sole question is whether the individual terms are to be served concurrently with or consecutively to each other. If necessary, and not otherwise mandated by law, the findings under R.C. 2929.14(C)(4) must be included in the record and in the final entry of conviction.

{¶ 10} Reversed and remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR