[Cite as *State v. Johnson*, 2024-Ohio-1371.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 113196

    v.                           :

JAMES JOHNSON,                          :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-614707-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

James Johnson, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} James Johnson brings the instant appeal challenging the trial court's denial of his motion to issue a final, appealable order stemming from the trial court's issuance of a nunc pro tunc entry while Johnson's direct appeal was pending. After a careful review of the relevant record and law, this court affirms.

# I. Factual and Procedural History

{¶ 2} In February 2017, Johnson was charged in a 19-count indictment stemming from the homicides of Brandon James and Rasheed Bandy. *State v. Johnson*, 8th Dist. Cuyahoga No. 109041, 2020-Ohio-5255, ¶ 3 ("*Johnson I*"). Johnson's first trial occurred in January 2018, and the jurors found Johnson guilty of all charges except for aggravated murder. *Id.* at ¶ 7. Johnson, however, moved for a mistrial based on mischaracterization of a witness. The state did not oppose the motion, and the trial court granted it. Johnson's second trial commenced in July 2018, and the jury failed to reach a unanimous verdict, resulting in a second mistrial. *Id.* at ¶ 8. In July 2019, a jury was empaneled for a third time and returned guilty verdicts as to all counts. *Id.* at ¶ 9. Because Johnson had been acquitted of aggravated murder, the counts in the indictment were renumbered for the subsequent trials.

{¶ 3} Johnson received a sentence of life without parole plus an additional 149 years. *Id.* at ¶ 11. *Johnson I* was timely filed thereafter, and on November 12, 2020, this court affirmed Johnson's convictions but sua sponte remanded the matter for a limited nunc pro tunc entry correcting the counts and specific sentences to reflect those that were used in the third jury trial. *Id.* at ¶ 108.

{¶ 4} While Johnson's appeal was pending, however, the trial court issued a nunc pro tunc journal entry correcting the counts and sentences to reflect the correct offenses and count numbers. Nonetheless, in September 2022, Johnson filed a motion in the trial court asking the trial court to issue the corrected nunc pro tunc

entry pursuant to this court's decision in *Johnson I*. In May 2023, the trial court ruled on Johnson's motion, finding that the motion was moot because the counts and offenses had already been corrected.

{¶ 5} On August 7, 2023, Johnson filed a motion titled "motion for a final appealable order pursuant to this court's November 04, 2019 corrected sentence entry." In this motion, Johnson argued that the nunc pro tunc sentencing entry "is not a final appealable order because he was not served with the corrected entry by the clerk of courts." The state opposed, and the trial court denied the motion in September 2023. Johnson appealed, assigning two errors for our review:

> The trial court failed to issue a final appealable order pursuant to the trial court's November 04, 2019, corrected sentence imposed upon the defendant-ap[p]ellant herein.

> The trial court abused its discretion in denying defendant-appellant Johnson['s] motion to vacate sentence/judgment for failure to meet the statutory requirements pursuant to a final appealable order.

## II. Law and Analysis

{¶ 6} Johnson's assignments of error are interrelated and can be addressed together. The crux of Johnson's assignments of error is that the trial court's nunc pro tunc entry correcting the numbering of the counts was defective or ineffective based on the fact that he was not served with the nunc pro tunc entry. Johnson asks us to send "this matter back to the trial court to properly issue[] the corrected sentencing journal entry in this present case." After a careful review of the record, we find that the trial court committed no error and overrule Johnson's assignments of error.

{¶ 7} Crim.R. 36 empowers a court to issue a nunc pro tunc entry to correct "clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical mistake is a mistake or omission that does not involve a legal decision or judgment and is apparent from the record. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940, N.E.2d 924, ¶ 15, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.

{¶ 8} In the instant matter, the trial court's nunc pro tunc entry issued during the pendency of Johnson's direct appeal was solely clerical; it did not require a legal decision, it merely changed the counts to reflect those that were on the jury verdict form.

{¶ 9} While Ohio courts follow a general rule that a trial court is divested of jurisdiction "over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment," *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8, exceptions have been made where the trial court's action aids the appeal. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 8. This court has also held that when a nunc pro tunc entry is directly related to and affects matters assigned as errors on appeal, the entry is inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's judgment. *State v. McDonald*, 8th Dist. Cuyahoga No. 111724, 2023-Ohio-464, ¶ 15. The Tenth District has allowed such a situation in *State v. Anderson*, 10th Dist. Franklin No. 11AP-236,

2011-Ohio-6667, ¶ 18-21, and the Second District in *State v. Wilson*, 2d Dist. Montgomery No. 24352, 2011-Ohio-5990, ¶ 14-17. We find that the trial court's nunc pro tunc entry was not inconsistent with this court's jurisdiction because the error relating to the labeling of counts and offenses had not been raised. Indeed, consistent with *Washington*, the trial court's nunc pro tunc entry actually operated to assist with the appeal by properly numbering the counts.

{¶ 10} Even assuming, arguendo, that the nunc pro tunc was improper, which we conclude it is not, this situation does not afford Johnson the relief that he requests. The effect of a nunc pro tunc relates back to the date of the original judgment that it corrects. It "does not extend the time within which an appeal may be filed from the substance of the initial entry." *Perfection Stove Co. v. Scherer*, 120 Ohio St. 445, 448-449, 166 N.E. 376 (1929). Moreover, an appeal from a nunc pro tunc entry is limited to the rights created or denied by the later correction. *Daniels-Rodgers v. Rodgers*, 10th Dist. Franklin No. 15AP-202, 2015-Ohio-1974, ¶ 16. Since the nunc pro tunc merely corrected the labeling and numbering of the counts, to the extent there was any other error, it was available for Johnson to raise in his direct appeal.

{¶ 11} Lastly, Johnson seems to argue that the nunc pro tunc entry was improper because he was not served with a copy of it. A judgment is final for purposes of appeal when it contains (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958

N.E.2d 142, ¶ 17, citing Crim.R. 32(C).  The finality of a judgment entry for appeal purposes does not depend on service.  To the extent Johnson makes this argument, we reject it.

{¶ 12} Based on the foregoing, we overrule all of Johnson's assignments of error.

### III. Conclusion

{¶ 13} We cannot afford Johnson the relief he requests because the nunc pro tunc entry did not create a new final, appealable order from which Johnson could appeal unless Johnson was attempting to raise error relating to the renumbering of his counts.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR