[Cite as *State v. Jackson*, 2025-Ohio-2070.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,

       Plaintiff-Appellant,       :

                                 No. 114131

       v.                    :

MARQUISE JACKSON,       :

                                  :

       Defendant-Appellee.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 12, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678698-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellee.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant State of Ohio (the "State") appeals the trial court's nunc pro tunc order correcting the amount of jail-time credit applied in this case.

For the reasons that follow, we vacate the trial court's order and remand for further proceedings.

**Procedural History**

{¶ 2} On April 20, 2023, defendant-appellee Marquise Jackson ("Jackson") pleaded guilty to one count of tampering with evidence, a felony of the third degree. He was subsequently sentenced to 24 months in prison. The trial court gave him credit for 62 days served in jail. At the time, Jackson was also sentenced in five other cases, with a mixture of consecutive and concurrent terms.

{¶ 3} In his appeal, this court reversed Jackson's sentences, finding that the trial court erred when it imposed consecutive sentences without complying with R.C. 2929.14(C)(4). *State v. Jackson*, 2024-Ohio-583, ¶ 7 (8th Dist.). The case was remanded to the trial court, solely to conduct a new sentencing hearing to address consecutive sentences.

{¶ 4} On May 30, 2024, the trial court resentenced Jackson. The court reimposed the same sentence, this time addressing the consecutive-sentencing findings. The court also gave Jackson jail-time credit for 373 days, without objection from the parties. Neither party appealed the sentence.

{¶ 5} On June 13, 2024, Jackson filed a motion for jail-time credit. Jackson requested that the trial court grant him an additional 34 days of jail-time credit based on days he spent incarcerated at the Inmate Reception Center in Los Angeles, California. Jackson argued that he was entitled to 407 days of jail-time credit, not the 373 days the trial court originally ordered.

**{¶ 6}** On July 3, 2024, the trial court issued a nunc pro tunc entry to correct the May 30, 2024 journal entry. The court ostensibly corrected the entry to reflect credit to Jackson for 451 days in custody as of the date of the original entry. In the nunc pro tunc entry, the trial court noted that the days included time Jackson already spent in prison. The State filed a notice of appeal on July 8, 2024. On September 27, 2024, the Ohio Department of Rehabilitation and Correction ("ODRC") filed a notice of calculation of sentence. Additionally, Jackson filed a motion for judicial release. This court remanded the case to the trial court to resolve Jackson's motion. The trial court granted the motion.

**{¶ 7}** On appeal, the State assigns the following error for our review.

### Assignment of Error

The trial court erred when it granted defendant's jail-time credit for a period of time he was in ODRC custody, while his appeal was pending and while he was awaiting resentencing.

### Law and Analysis

**{¶ 8}** The State makes a two-part argument in its assignment of error. First, the State argues that the trial court's nunc pro tunc order was improper. Second, the State argues that the trial court erred when it included ODRC custody in its jail-time credit calculation. In response, Jackson argues that the second part of the State's argument is moot because the ODRC filed a notice of calculation of jail time, which he believes corrects any error that occurred.[1] Jackson did not address

---

[1] However, we note that the ODRC's "role is not to correct a sentencing court's errors and impose the sentence it believes the court should have imposed. To the

the State's nunc pro tunc argument in his brief. Because we find that it was error for the trial court to issue a nunc pro tunc order in this situation, we will confine our review to that argument.

{¶ 9} We review the issue of whether a nunc pro tunc order improperly modifies a previous judgment under the de novo standard of review, because it raises a question of law. *Bracken v. Bracken*, 2015-Ohio-5307, ¶ 10 (6th Dist.), citing *Neel v. Neel*, 1994 Ohio App. LEXIS 5366, ¶ 2 (8th Dist. Dec. 1, 1994). Under the de novo standard, an appellate court "engages in an independent review without deference to the trial court's decision." *Pennell v. Brown Twp.*, 2016-Ohio-2652, ¶ 19 (5th Dist.).

{¶ 10} "A trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error." *State v. Miller*, 2010-Ohio-5705, ¶ 14, citing *State ex rel. Cruzado v. Zaleski,* 2006-Ohio-5795, ¶ 19. A trial court has authority to "correct 'clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, at any time.'" *State v. Johnson*, 2024-Ohio-1371, ¶ 7 (8th Dist.), quoting Crim.R. 36. A nunc pro tunc order to "correct a 'clerical error is ""limited in proper use to reflecting what the court actually decided, not what the court might or should have

contrary, "[the ODRC] is obliged to execute the sentence imposed by the court." *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-4410, ¶ 17.

decided.'"'" *Cruzado* at ¶ 19, quoting *State ex rel. Mayer v. Henson,* 2002-Ohio-6323, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

{¶ 11} At the resentencing hearing, the trial court addressed jail-time credit as follows:

> Court: [H]e's entitled to 373 days of credit. That – since all the other cases . . . weren't concurrent, those 373 days apply to . . . this [case].
>
> Defense Attorney: Judge, he had 43 days credit coming for something else.
>
> Bailiff: It was added in there.
>
> Court: [Prosecutor], is there any additional finding the Court needs to make?
>
> Prosecutor: No, Your Honor.
>
> Court: [Defense]?
>
> Defense Attorney: Not that I know of Judge.
>
> Court: All right.
>
> Defense Attorney: Other than the 43 days of credit, but I think the bailiff – I'll take care of it, yes.

Tr. 27-28.

{¶ 12} While Jackson's attorney referenced an additional 43 days, the record reflects the trial court's intent to grant 373 days of jail-time credit, which is reflected in the sentencing journal entry. In its nunc pro tunc entry, the trial court added an additional 78 days to jail-time credit to its original calculation, more than discussed at sentencing, and more than requested in Jackson's motion for jail-time credit. Additionally, the trial court clarified that some of the days in its original calculation

included days that Jackson had spent in prison, hence the grant of 451 days of credit "including prison time." Consequently, the trial court's nunc pro tunc entry does not address a clerical error, nor does it reflect what actually happened in court. A nunc pro tunc entry that purports to correct jail-time credit, when the error was not addressed at sentencing, is improper and must be vacated. *State v. Nixon*, 2019-Ohio-1502, ¶ 24 (11th Dist.); *Miller* at ¶ 16 (improper nunc pro tunc must be vacated).

{¶ 13} Finally, we note that neither party appealed the sentencing entry issued on May 30, 2024, which included the award of 373 days of jail-time credit. However, a trial court retains continuing jurisdiction to correct any errors in the imposition of jail-time credit that were not raised at sentencing. R.C. 2929.19(B)(2)(g)(iii).

{¶ 14} Here, the trial court's original calculation of 373 days included time Jackson had spent in prison before this court overturned the original sentence. The trial court attempted to correct that error in its nunc pro tunc order by noting that the new credit of 451 days included time Jackson spent in prison. However, the trial court does not determine prior prison credit. Pursuant to R.C. 2967.191, the ODRC "shall reduce the prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." "[P]rior prison time is credited to a defendant by the department of rehabilitation itself under section 2967.191(A)." *State v. Guiser*, 2019-Ohio-5421, ¶ 8 (9th Dist.). Further, "the trial court is not authorized to give

jail-time credit to a prisoner for time served in ODRC custody. . . ." *State v. Collier*, 2021-Ohio-3202, ¶ 13 (8th Dist.).

{¶ 15} The assignment of error is thus sustained. Accordingly, the trial court's nunc pro tunc order is vacated. The case is remanded for the trial court to address Jackson's motion for jail-time credit.

{¶ 16} Judgment vacated and remanded for further proceedings.

It is ordered that costs herein taxed be split between the parties.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR